■ AMERICAN STANDARD, INC., Appellant-Respondent, v OAK-FABCO, INC., Formerly Known as KEWANEE BOILER CORP., Respondent-Appellant. [872 NYS2d 12]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered February 20, 2008, which, in a declaratory judgment action involving whether, by virtue of a 1970 agreement in which defendant's predecessor purchased plaintiff's Kewanee Boiler Division, defendant assumed plaintiff's obligations to persons claiming personal injury as a result of exposure to Kewanee boilers manufactured before 1970, and also seeking a permanent injunction prohibiting defendant from disclaiming such assumption of obligations "in any forum," granted plaintiff's motion for summary judgment to the extent of declaring that "in this jurisdiction, [defendant] is liable for injuries sustained as a result of tortious conduct in connection with Kewanee boilers installed prior to 1970," and granted defendant's cross motion for summary judgment declaring that, notwithstanding any assumption by defendant of the aforementioned obligations, plaintiff remained directly liable to personal injury plaintiffs for injuries caused by Kewanee boilers installed before 1970, unanimously modified, on the law, to add the words, "sold, leased or" immediately before the word "installed" in the declaration, to delete the phrase "in this jurisdiction" from the declaration, to permanently enjoin defendant from relitigating its assumption of the aforementioned obligations in any forum, and to deny defendant's cross motion, and otherwise affirmed, with costs in favor of plaintiff.

The subject 1970 agreement, by its terms, is governed by and to be construed in accordance with New York law, and involved the purchase of all of Kewanee's assets. With respect to the assumption of liabilities, it provides, insofar as pertinent: "Buyer does hereby assume and agree to pay, perform and discharge, and to indemnify Seller with respect to, all obligations, liabilities, debts and commitments (fixed or contingent), connected with or attributable to Kewanee, existing and outstanding at the date hereof." We reject defendant's argument that the "existing and outstanding" language limits the assumed liabilities to tort claims that had been actually asserted before the date of the agreement. Given the all-encompassing scope of the asset purchase agreement and the potential for future tort claims, we find that obligations and commitments to a potential tort claimant became "existing and outstanding" when the boiler that injured the claimant was sold or installed, not when the claimant brought his or her claim at a later time. Nor should this interpretation of the agreement be limited to New York. The application of res judicata is a question of law and does not rest in the discretion of the court (*see Bannon v Bannon*, 270 NY 484, 490 [1936]). We note that our interpretation is in accord with rulings in New Jersey and Minnesota in which both

plaintiff and defendant were parties. Further, in light of the long history of litigating this matter in many different states, and in order to give plaintiff complete relief, defendant is permanently enjoined from relitigating whether it assumed liability to tort plaintiffs injured by Kewanee boilers sold or installed before 1970 (*see* CPLR 3017 [b]). Defendant's cross motion should have been denied because defendant did not plead any counterclaims for declaratory relief. In any event, the cross motion does not present a justiciable controversy. The meaning of the 1970 agreement as it relates to tort claimants is the only issue raised in the complaint, and any ruling on that issue can have no effect on the parties' respective potential obligations to hypothetical nonparty tort claimants.

Plaintiff's potential future liability to tort claimants can only be determined case by case, on the basis of the facts presented and the governing law, which may vary from state to state. Concur—Tom, J.P., Gonzalez, Buckley, Sweeny and Catterson, JJ.