[927 NE2d 1056, 901 NYS2d 572]

AMERICAN STANDARD, INC., Respondent, v OAKFABCO, INC., Formerly Known as KEWANEE BOILER CORP., Appellant.

Argued February 16, 2010; decided April 6, 2010

## POINTS OF COUNSEL

*Landman Corsi Ballaine & Ford P.C.,* New York City (*William G. Ballaine, Michael L. Gioia* and *Jason C. Astle* of counsel), for appellant. I. The Appellate Division erred by declaring that OakFabco, Inc. assumed liability to all tort plaintiffs injured by Kewanee Boiler Corp. boilers sold, leased or installed before 1970. (*Grant-Howard Assoc. v General Housewares Corp.,* 63 NY2d 291; *East Prairie R-2 School Dist. v U.S. Gypsum Co.,* 813 F Supp 1396; *Breed v Insurance Co. of N. Am.,* 46 NY2d

351; *Matter of Covert,* 97 NY2d 68; *Beal Sav. Bank v Sommer,* 8 NY3d 318; *Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42; *Two Guys from Harrison-N.Y. v S.F.R. Realty Assoc.,* 63 NY2d 396; *Burns Intl. Sec. Servs. v International House,* 125 AD2d 239; *NFL Enters. LLC v Comcast Cable Communications, LLC,* 51 AD3d 52; *Rentways, Inc. v O'Neill Milk & Cream Co.,* 308 NY 342.) II. The Appellate Division erred by granting injunctive relief. (*Kane v Walsh,* 295 NY 198; *Thomas v Musical Mut. Protective Union,* 121 NY 45; *Matter of Gerges v Koch,* 62 NY2d 84; *Borenstein v Rochel Props.,* 176 AD2d 171.)

*McGuire Woods LLP,* New York City (*Yvette Harmon, Marshall Beil* and *Sarah Schaeffer-Roth* of counsel), and *McGuire Woods LLP,* Charlottesville, Virginia (*Meghan M. Cloud* of counsel), for respondent. I. The courts below properly interpreted the 1970 agreement; *Grant-Howard Assoc. v General Housewares Corp.* (63 NY2d 291 [1984]) is not to the contrary. (*Schumacher v Richards Shear Co.,* 59 NY2d 239; *Slatt v Slatt,* 64 NY2d 966; *Breed v Insurance Co. of N. Am.,* 46 NY2d 351; *Laba v Carey,* 29 NY2d 302; *Levine v Shell Oil Co.,* 28 NY2d 205; *Bailey v Fish & Neave,* 8 NY3d 523; *Israel v Chabra,* 12 NY3d 158; *Muzak Corp. v Hotel Taft Corp.,* 1 NY2d 42; *Brady v Williams Capital Group, L.P.,* 64 AD3d 127; *Consedine v Portville Cent. School Dist.,* 12 NY3d 286.) II. The doctrines of res judicata, collateral estoppel and judicial estoppel preclude OakFabco, Inc. from denying its assumption of pre-1970 liabilities. (*O'Brien v City of Syracuse,* 54 NY2d 353; *Ripley v Storer,* 309 NY 506; *Matter of Hunter,* 4 NY3d 260; *Kaufman v Eli Lilly & Co.,* 65 NY2d 449; *Statter v Statter,* 2 NY2d 668; *Chisholm-Ryder Co. v Sommer & Sommer,* 78 AD2d 143; *Gilberg v Barbieri,* 53 NY2d 285; *Tedesco v Tedesco,* 64 AD3d 583; *Karasik v Bird,* 104 AD2d 758; *Matter of Luna v Dobson,* 97 NY2d 178.) III. Injunctive relief is appropriate and necessary. (*Matter of New York Charter Schools Assn., Inc. v DiNapoli,* 13 NY3d 120; *Koob v IDS Fin. Servs.,* 213 AD2d 26; *Marine Midland Bank v United Mo. Bank,* 223 AD2d 119; *Grant-Howard Assoc. v General Housewares Corp.,* 63 NY2d 291.)

## OPINION OF THE COURT

SMITH, J.

The issue here is whether the buyer of a boiler business assumed the seller's liabilities for tort claims based on boilers sold before the business was acquired, where the tort claimants were not injured until after the acquisition. We hold that the language

of the parties' agreement, read in context, shows that the buyer did assume those liabilities.

I

In 1970, American Standard, Inc. sold its Kewanee Boiler division to Kewanee Boiler Corp., now known as OakFabco, Inc. (OakFabco). The parties entered an asset purchase and sale agreement which described the purpose of the transaction in the following words:

> "Seller desires to sell, and Buyer desires to purchase, substantially all the assets of Seller, real and personal, tangible and intangible belonging to it, which are used in connection with Seller's [Kewanee Boiler] business and operations . . . subject to all debts, liabilities, and obligations connected with or attributable to such business and operations."

The agreement said that OakFabco would purchase "Kewanee Assets" subject to "Kewanee Liabilities." The term "Kewanee Liabilities" was defined as "all the debts, liabilities, obligations and commitments (fixed or contingent) connected with or attributable to Kewanee existing and outstanding at the Closing Date."

The boilers manufactured by Kewanee had been insulated with asbestos, and as a result many tort claims were brought in the years and decades following the purchase of the business. Some of those claims were brought by plaintiffs who had suffered injuries after the closing of the transaction, allegedly attributable to boilers manufactured and sold before the closing. In this declaratory judgment action brought by American Standard against OakFabco, the issue is whether liabilities for such injuries were among the "Kewanee Liabilities" that OakFabco assumed.

On cross motions for summary judgment, Supreme Court held that these liabilities were assumed by OakFabco, and entered a declaratory judgment accordingly (*American Std., Inc. v Oakfabco, Inc.*, 26 Misc 3d 1216[A], 2008 NY Slip Op 52705[U]). The Appellate Division affirmed Supreme Court's declaration with minor changes, and also granted American Standard's request "to permanently enjoin [OakFabco] from relitigating its assumption of the aforementioned obligations in any forum" (*American Std., Inc. v Oakfabco, Inc.*, 58 AD3d 485, 486 [1st Dept 2009]). We granted leave to appeal (12 NY3d 712

[2009]), and now affirm the Appellate Division's declaration, but modify its order by vacating the injunction.

## II

■ American Standard's position—that OakFabco assumed all tort liabilities arising out of boilers manufactured by the Kewanee Boiler division, whether the injury was suffered before or after American Standard sold the division—is strongly supported by the purpose of the transaction, as described in the agreement itself: It was a purchase and sale of substantially all the assets of the Kewanee Boiler business "subject to all debts, liabilities, and obligations connected with or attributable to such business and operations." Nothing in the nature of the transaction suggests that the parties intended OakFabco, which got all the assets, to escape any of the related obligations.

OakFabco, however, argues that the definition of "Kewanee Liabilities"—the liabilities OakFabco assumed—is less broad than the purpose of the transaction would imply. It stresses the words "existing and outstanding" in the definition—"all the debts, liabilities, obligations and commitments . . . *existing and outstanding* at the Closing Date" (emphasis added). According to OakFabco, a tort claim cannot be "existing and outstanding" before the tort plaintiff has been injured, because until then it is not possible for a tort lawsuit to be brought.

If the words "liabilities . . . existing and outstanding" were read in isolation, OakFabco's interpretation of them would be plausible. Indeed, we adopted a similar interpretation of similar language, "liabilities . . . which exist at the Closing Date," in *Grant-Howard Assoc. v General Housewares Corp.* (63 NY2d 291, 295 [1984]). But the transaction at issue in *Grant-Howard* was of a different kind from the one we are now considering.

The defendant in *Grant-Howard*, General Housewares Corporation, had entered into a "Reorganization Agreement" with Holt Howard Associates, Inc. by which General Housewares bought substantially all of Holt Howard's assets, but carefully limited its assumption of liabilities. The agreement provided that General Housewares would not "be liable for any damages, claims, losses, liabilities or expenses . . . with respect to any liabilities, obligations or other commitments not assumed" (*id.*). By contrast, the agreement in this case shows that OakFabco simply took over all of American

Standard's Kewanee Boiler business; nothing in the purchase and sale agreement suggests an intention to leave any obligations related to that business behind.

That there was no such intention is made clear by a clause in the agreement relating to certain obligations owed to the boiler division's customers. The agreement said that the buyer would deliver at the closing:

> "An executed undertaking wherein the Buyer will assume and agree to pay, and defend and hold Seller harmless against, all Kewanee Liabilities, including, by way of specification but not limitation, the following: . . .
>
> "(iii) warranty, service, repair and return obligations of Kewanee and other claims and complaints arising out of or in connection with any products manufactured, sold, leased or installed by Kewanee on or prior to the Closing Date . . . ."

This language clearly meant that the buyer would deal with any problems customers had after the closing date with boilers that had been installed previously. It would have been absurd for OakFabco to tell a customer whose boiler failed after the closing that, since the customer's claim was not "existing and outstanding" on the closing date, it was not OakFabco's problem. By including warranty, service, repair and return claims of this kind in the definition of "Kewanee Liabilities," the parties demonstrated that they were not reading the words "existing and outstanding" as OakFabco would have us read them.

We therefore agree with the Appellate Division that the liabilities assumed by OakFabco include claims brought by tort claimants injured after the closing date by boilers installed before that date. The Appellate Division erred, however, in enjoining OakFabco from ever relitigating this issue. As a general rule, parties are allowed to take any position they like in litigation, as long as they can make a good faith argument for it, and we see no reason to make an exception to that rule here. It may well be that our decision today will *preclude* OakFabco from relitigating the issue we decide, in the sense that any attempt to relitigate it should be rejected; but OakFabco should not be *enjoined* from arguing otherwise.

Accordingly, the order of the Appellate Division should be modified by vacating the award of injunctive relief and as so modified affirmed, without costs.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, PIGOTT and JONES concur.

Order modified, etc.