In the Matter of COUNTY OF HERKIMER, Respondent, v RICHARD F. DAINES, as Commissioner of New York State Department of Health, et al., Appellants. [876 NYS2d 303]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Herkimer County (Michael E. Daley, J.), entered July 18, 2008 in a proceeding pursuant to CPLR article 78. The judgment granted the amended petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78

proceeding seeking to compel respondents to reimburse it for certain Medicaid expenditures, known as overburden expenses, made by petitioner prior to April 2005. At the time that the expenditures were made, respondents were required to reimburse petitioner for those expenditures (*see* Social Services Law § 368-a [1] [h]; *Matter of Spano v Novello*, 13 AD3d 1006 [2004], *lv denied* 4 NY3d 819 [2005]). After the expenditures were made, but before petitioner submitted a claim for reimbursement, the Legislature enacted a law capping the Medicaid expenditures made by counties at the amount paid in the year 2005 ([Medicaid Cap Statute] L 2005, ch 58, part C, as amended by L 2006, ch 57, part A, § 60), with certain exceptions and with a yearly increase. Respondents denied petitioner's claim for those overburden expenditures based on the newly enacted Medicaid Cap Statute. Supreme Court properly granted the amended petition.

Contrary to the contention of respondents, they erred in applying the Medicaid Cap Statute retroactively in denying petitioner's claim. Here, petitioner had rendered services in accordance with the law in existence at the time, and those transactions were complete. The Medicaid Cap Statute "altered the substantive law governing petitioner's conduct [and] changed the procedural scheme by which petitioner could seek re[imbursement]" (*Matter of Miller v DeBuono*, 90 NY2d 783, 791 [1997]). "Generally, statutes are construed as prospective, unless the language of the statute, either expressly or by necessary implication, requires that it be given a retroactive construction" (McKinney's Cons Laws of NY, Book 1, Statutes § 51 [b]). Here, in light of the lack of legislative history or statutory language indicating that the Legislature intended that the statute in question should be applied retroactively, we conclude that the Legislature did not intend it to be retroactively applied (*see generally Dorfman v Leidner*, 76 NY2d 956, 959 [1990]; *Majewski v Broadalbin-Perth Cent. School Dist.*, 231 AD2d 102, 105-106 [1997], *affd* 91 NY2d 577 [1998]). Respondents therefore improperly applied the statute retroactively to petitioner's claims for reimbursement for services rendered prior to the effective date of the statute (*cf. Miller*, 90 NY2d at 790; *Forti v New York State Ethics Commn.*, 75 NY2d 596, 610 [1990]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.