◼ In the Matter of COUNTY OF NIAGARA, Respondent, v RICHARD F. DAINES, Commissioner, New York State Department of Health, et al., Appellants. [917 NYS2d 779]—

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered February 22, 2010 in a proceeding pursuant to CPLR article 78. The judgment, among other things, granted the amended petition and directed respondents to pay petitioner $778,212.59.

It is hereby ordered that the judgment so appealed from is unanimously modified in the interest of justice by vacating subparagraph (B) of the second decretal paragraph and as modified the judgment is affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking, inter alia, to compel respondents to reimburse it for certain Medicaid expenditures known as overburden expenses. According to petitioner, respondents incorrectly billed it for those expenses. Petitioner further alleged that, inasmuch as the expenditures were made prior to April 2005, respondents were required to reimburse petitioner for them (*see* Social Services Law § 368-a [1] [h]; *Matter of Spano v Novello*, 13 AD3d 1006, 1007-1008 [2004], *lv denied* 4 NY3d 819 [2005]). After the expenditures were made but before petitioner submitted claims for reimbursement, the Legislature enacted a law capping the Medicaid expenditures for which counties could seek reimbursement ([Medicaid Cap Statute] L 2005, ch 58, part C, § 1, as amended by L 2006, ch 57, part A, § 60). In January and February 2009, petitioner submitted six claims for the expenditures made prior to the enactment of the statute. Respondents denied those claims based on the Medicaid Cap Statute.

In two appeals thereafter, this Court affirmed judgments compelling the same respondents to reimburse overburden expenditures to petitioner and another county, and we concluded that respondents improperly applied the Medicaid Cap Statute retroactively to the claims for reimbursement for services rendered prior to the effective date of the statute (*see Matter of County of Herkimer v Daines*, 60 AD3d 1456 [2009], *lv denied* 13 NY3d 707 [2009]; *Matter of County of Niagara v Daines*, 60 AD3d 1460 [2009], *lv denied* 13 NY3d 708 [2009]). Following our decisions in those cases, respondents "supplemented" their denial of the January and February 2009 claims by adding, as an additional ground for denying those claims, petitioner's failure to submit the claims within 12 months after the expendi-

tures were made, pursuant to 18 NYCRR 601.3 (c). Petitioner thereafter submitted two additional claims in March and August 2009, which respondents denied on the grounds that the Medicaid Cap Statute prohibited payment of such claims and that the claims were time-barred pursuant to 18 NYCRR 601.3 (c).

Respondents appeal from the judgment granting the amended petition and ordering them to "examine and determine all subsequent claims for [o]verburden reimbursement in accordance with the procedures and time limits set forth in 18 NYCRR § 601.4 without asserting or otherwise relying on the Medicaid Cap [Statute] or 18 NYCRR § 601.3 as a basis to disallow any such subsequent claims." We agree with petitioner that respondents failed to preserve for our review their contention that they properly "supplemented" their denial of the January and February 2009 claims by adding a different ground for the denial inasmuch as they failed to raise that ground in their answer. Respondents' contention may be raised for the first time on appeal, however, because petitioner "suggests no factual showing or legal counterstep that might have been made if the [contention] had been tendered below" (*People ex rel. Roides v Smith*, 67 NY2d 899, 901 [1986]; *see Matter of Persing v Coughlin*, 214 AD2d 145, 148-149 [1995]).

We conclude that respondents were prohibited from "supplementing" their final determination denying the January and February 2009 claims. In order to determine whether an agency determination is final, a two-part test is applied. "First, the agency must have reached a definitive position on the issue that inflicts actual, concrete injury and[,] second, the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party" (*Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y.*, 5 NY3d 30, 34 [2005], *rearg denied* 5 NY3d 824 [2005]). Inasmuch as the denial of the claims inflicted actual harm on petitioner, and petitioner had no steps available to ameliorate or prevent it, we conclude that respondents' determination was final. As respondents correctly concede, "[p]ublic officers or agents who exercise judgment and discretion in the performance of their duties may not revoke their determinations nor review their own orders once properly and finally made, however much they may have erred in judgment on the facts, even though injustice is the result. A mere change of mind is insufficient" (*People ex rel. Finnegan v McBride*, 226 NY 252, 259 [1919]). Thus, where, as here, no statutory authority exists to permit the respondents to "supplement"

their denial of a claim (*see* 18 NYCRR 601.4), their determination is final and not subject to amendment. Contrary to the contention of respondents, barring them from revisiting their final determination "would [not] impermissibly estop [them] from enforcing [their] statutory mandate when [they have] erred in making an initial assessment" (*Matter of Jason B. v Novello*, 12 NY3d 107, 114 [2009]).

We reject respondents' further contention that all of the claims were time-barred pursuant to 18 NYCRR 601.3 (c). It is well settled that "the interpretation given to a regulation by the agency [that] promulgated it and is responsible for its administration is entitled to deference if that interpretation is not irrational or unreasonable" (*Matter of Gaines v New York State Div. of Hous. & Community Renewal*, 90 NY2d 545, 548-549 [1997]). Where, however, the agency's "interpretation runs counter to the clear wording of the regulatory provisions, it should not be given any weight" (*Matter of Hickey v Sinnott*, 277 AD2d 572, 575 [2000] [internal quotation marks omitted]; *see Matter of Air Cargo-Buffalo v Niagara Frontier Transp. Auth.*, 224 AD2d 1018 [1996]). The regulation upon which respondents rely governs repayment of "expenditures made by a social services district" (18 NYCRR 601.3 [c]). Here, it is undisputed that the expenditures were not made by a social services district. Rather, they were made by respondents or by other agencies at the direction of respondents. Consequently, we conclude that the time limit set forth in that regulation does not apply. In light of that conclusion, respondents' remaining contentions concerning the applicability of the regulation are moot.

We agree with respondents, however, that Supreme Court erred in directing them to examine and determine all future claims for overburden reimbursement without relying upon 18 NYCRR 601.3 (c) or the Medicaid Cap Statute as a basis for denying the claims. We therefore modify the order accordingly. Although respondents failed to oppose petitioner's request for such an order, and thus they failed to preserve that contention for our review (*see generally Frank Parlamis, Inc. v Piccola Pizza Café-Times Sq.*, 259 AD2d 334 [1999]), we nevertheless exercise our discretion to review respondents' contention in the interest of justice under the limited circumstances of this case (*see generally White v Weiler*, 255 AD2d 952 [1998]). We note in particular that our modification concerns only the decision of the court, which is independent of the administrative determination that prompted this litigation.

We conclude that the court's determination with respect to

future claims for overburden reimbursement constituted an improper advisory opinion because it "will become effective only upon the occurrence of a future event that may or may not come to pass," i.e., respondents' denial of future claims for reimbursement of overburden expenses based on 18 NYCRR 601.3 (c) or the Medicaid Cap Statute (*New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531 [1977]). Further, "[a]s a general rule, parties are allowed to take any position they like in litigation, as long as they can make a good faith argument for it, and we see no reason to make an exception to that rule here. It may well be that our decision . . . will *preclude* [respondents] from relitigating the issue we decide, in the sense that any attempt to relitigate it should be rejected; but [respondents] should not be *enjoined* from arguing otherwise" (*American Std., Inc. v OakFabco, Inc.*, 14 NY3d 399, 404 [2010]).

We have considered respondents' remaining contention that is not moot and conclude that it is without merit. Present—Smith, J.P., Centra, Fahey, Peradotto and Pine, JJ.