[917 NYS2d 330]

In the Matter of COUNTY OF ST. LAWRENCE, Respondent, v RICHARD DAINES, as Commissioner of Health, et al., Appellants.

Third Department, January 27, 2011

## APPEARANCES OF COUNSEL

*Eric T. Schneiderman, Attorney General*, Albany (*Victor Paladino* of counsel), for appellants.

*Whiteman, Osterman & Hanna, L.L.P.,* Albany (*Christopher E. Buckey* of counsel), for respondent.

PETERS, J.P.

Petitioner submitted five sets of claims to respondent Department of Health (hereinafter DOH) for reimbursement of certain Medicaid expenditures, known as overburden expenses, made by petitioner prior to January 2006. At the time the expenditures were made, DOH was obligated to reimburse petitioner for those expenses (see Social Services Law § 368-a [1] [h]). After the expenditures were made by petitioner, but before it submitted claims for reimbursement, a new statute was enacted that caps Medicaid expenditures made by counties at the amount paid in the year 2005, with certain exceptions and a yearly percentage-based increase (see L 2005, ch 58, part C, as amended by L 2006, ch 57, part A, § 60 [hereinafter Medicaid Cap Statute]). Respondents ultimately denied petitioner's claims on the ground that the newly enacted Medicaid Cap Statute bars reimbursement for overburden expenditures and that such claims were untimely. Petitioner thereafter commenced this CPLR article 78 proceeding seeking, among other things, to compel respondents to reimburse it for the claimed overburden expenditures and the imposition of sanctions for respondents' alleged frivolous defenses and bad faith. Supreme Court granted the petition in its entirety, finding that respondents' denial of petitioner's claims resulted from an improper retroactive application of the Medicaid Cap Statute and, further, that the time requirements set forth in 18 NYCRR 601.3 were inapplicable to petitioner's claims. The court also imposed sanctions upon respondents in the form of counsel fees. Respondents appeal.

Recently, the Fourth Department, addressing the same issue presented here, determined that respondents improperly applied the Medicaid Cap Statute retroactively to reimbursement claims for overburden expenditures incurred prior to 2006 (see Matter of County of Niagara v Daines, 60 AD3d 1460 [2009], lv denied 13 NY3d 708 [2009]; Matter of County of Herkimer v Daines, 60 AD3d 1456 [2009], lv denied 13 NY3d 707 [2009]). While we are not bound by those decisions, we agree with the Fourth Department's reasoning that respondents' application of the Medicaid Cap Statute to petitioner's claims constituted an impermissible retroactive application of the statute.

Under New York law, "retroactive operation is not favored by courts and statutes will not be given such construction unless the language expressly or by necessary implication requires it" (Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 584 [1998]; see Matter of St. Clair Nation v City of New York, 14

NY3d 452, 457-458 [2010]; *Dorfman v Leidner*, 76 NY2d 956, 959 [1990]). It is also a fundamental rule of statutory interpretation "that statutes affecting substantive rights and liabilities are presumed to have only prospective effect" (*Morales v Gross*, 230 AD2d 7, 10 [1997] [internal quotation marks and citation omitted]; *see Majewski v Broadalbin-Perth Cent. School Dist.*, 231 AD2d 102, 105 [1997], *affd* 91 NY2d 577 [1998]), while those that merely effect a procedural change are presumed to have retroactive effect (*see Matter of Regenbogen v New York State Willard Psychiatric Ctr.*, 254 AD2d 593, 595 [1998]; *Majewski v Broadalbin-Perth Cent. School Dist.*, 231 AD2d at 105-106). "The principle requiring a clear expression that retroactive application was intended is important because 'such a statement constitutes evidence that the Legislature has affirmatively assessed the potential for unfairness created by retroactivity and concluded that it is an acceptable price to pay for the anticipated benefits' " (*Majewski v Broadalbin-Perth Cent. School Dist.*, 231 AD2d at 106, quoting *Morales v Gross*, 230 AD2d at 10).

■ Here, the Legislature did not explicitly provide for retroactivity. Furthermore, upon our review of the language of the Medicaid Cap Statute and the legislative history, we find no clear indication that it is to be applied retroactively. To the contrary, the statute expressly states that the calculation of medical assistance expenditure amounts for social services districts "shall be" governed by its provisions "[c]ommencing with the calendar year beginning January 1, 2006" (L 2005, ch 58, part C, § 1 [c]). The fact that the statute speaks only of the present and future militates against retroactive application (*see Bolarinwa v Albany Med. Ctr. Hosp.*, 261 AD2d 21, 23 [2000], *lv dismissed* 95 NY2d 825 [2000]; *Matter of Gramott Corp. v Graves*, 255 App Div 255, 256 [1938], *affd* 280 NY 588 [1939]). Moreover, the Medicaid Cap Statute created a substantive change in the law regarding the availability of Medicaid overburden reimbursements (*see Matter of Deutsch v Catherwood*, 31 NY2d 487, 490 [1973]; *Matter of Moynihan v New York State Employees' Retirement Sys.*, 192 AD2d 913, 914-915 [1993]). Thus, we conclude that the Medicaid Cap Statute is to be accorded only a prospective application.

Additionally, to the extent that respondents argue that the Medicaid Cap Statute was not applied retroactively here because the claims for reimbursement were submitted, and the requested

reimbursement would be paid, after the statute's effective date, we are unpersuaded. It is true that "[a] statute is not retroactive . . . when made to apply to future transactions merely because such transactions relate to and are founded upon antecedent events" (*Forti v New York State Ethics Commn.*, 75 NY2d 596, 609 [1990] [internal quotation marks and citation omitted]; *accord Matter of St. Clair Nation v City of New York*, 14 NY3d at 457). However, where, as here, application of a statute serves to "impair vested rights or alter past transactions or considerations," it is retroactive in the true sense (*Matter of Allied Grocers Coop. v Tax Appeals Trib.*, 162 AD2d 791, 792 [1990]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 51 [a]). In this regard, Social Services Law § 368-a—the statute under which petitioner sought reimbursement—provides that "[t]here shall be paid to each [social services] district [100%] of the amount expended for medical assistance for those individuals who are eligible . . . as a result of a mental disability" (Social Services Law § 368-a [1] [h]). Thus, prior to 2006, upon payment to DOH for services provided to overburden patients for which no local share was owing, petitioner's right to reimbursement for such expenditures accrued (*see Matter of County of Herkimer v Daines*, 60 AD3d at 1457; *cf. County of Rensselaer v City of Troy*, 120 AD2d 796, 797 [1986]; *Matter of Tripp*, 275 App Div 36, 37 [1949]). Inasmuch as the transactions were complete and reimbursement was owed prior to the January 2006 effective date of the Medicaid Cap Statute, which "altered the substantive law governing petitioner's conduct" (*Matter of Miller v DeBuono*, 90 NY2d 783, 791 [1997]; *accord Matter of County of Herkimer v Daines*, 60 AD3d at 1457), application of that statute to petitioner's claims would render it "retroactive" in the true sense of that term.

Respondents alternatively assert that petitioner's claims for overburden reimbursement are untimely under 18 NYCRR 601.3 (c). Respondents initially denied four of the five sets of claims on the sole ground that the Medicaid Cap Statute barred reimbursement for such claims. Then, within days of the Fourth Department's decisions rejecting that argument (*see Matter of County of Niagara v Daines*, 60 AD3d 1460 [2009], *supra*; *Matter of County of Herkimer v Daines*, 60 AD3d 1456 [2009], *supra*), respondents purported to "supplement" their denial of petitioner's reimbursement claims by asserting 18 NYCRR 601.3 (c) as an additional ground for its determination. Even assuming that respondents had the authority to issue a "supplemental" deter-

mination,[1] we find that the time requirements set forth in 18 NYCRR 601.3 (c) are not applicable to petitioner's claims for reimbursement.

Pursuant to 18 NYCRR 601.3 (c),

> "[e]xcept as otherwise provided within the require-
> ments for any particular activity, expenditures made
> by a social services district may not be reimbursed
> if such costs are related to expenditures, services,
> supplies or other costs incurred on behalf of a recip-
> ient or an individual more than 12 months prior to
> the month in which the claim for reimbursement is
> made, unless such costs are specifically approved by
> [DOH]."

There is no dispute that the time limitations set forth therein apply to situations, unlike here, where a social services district (i.e., a county) is billed directly by a medical provider for ser-vices rendered on behalf of a Medicaid recipient and subse-quently seeks reimbursement from the state for those expendi-tures. Clearly, under such circumstances, the claimed reimbursement is for "expenditures made by a social services district" (18 NYCRR 601.3 [c]). Respondents contend that the regulation also applies in situations where, as here, the state— rather than a county—is billed for and pays a medical provider for services rendered on behalf of a Medicaid recipient and then collects from the county its local share of those costs. Although an agency's interpretation of its regulations will not be disturbed unless the determination is irrational or unreasonable (*see Matter of Marzec v DeBuono*, 95 NY2d 262, 266 [2000]), we find that DOH's interpretation fails to satisfy this test.

Quite simply, the reimbursement claimed by petitioner here is not for "expenditures made by a social services district" (18 NYCRR 601.3 [c]). Rather, the overburden expenditures were incurred and paid by the state. The state then over-billed petitioner for its share and, therefore, petitioner was entitled to reimbursement. Thus, what is being sought by petitioner is a refund of moneys paid by it to the state for *expenses incurred by the state*. Indeed, Peter Gallagher, DOH's Director of the Bureau of Medicaid Statistics and Program Analysis, explained that,

---

1. 18 NYCRR 601.4 provides that "[a] determination by [DOH] concerning the allowability of a claim for reimbursement submitted by a social services district is final and is not subject to administrative review," and nothing within the regulations authorizes respondents to "supplement" a final deter-mination (*see* 18 NYCRR part 601).

unlike the situation where a county seeks reimbursement for payments it made directly to a Medicaid provider—i.e., where the county incurred the expenses—here petitioner seeks "reimbursement for Medicaid expenses that the [s]tate, rather than petitioner, incurred." Therefore, we find that respondents' interpretation of 18 NYCRR 601.3 (c) as applicable to petitioner's claims is contrary to the plain language of the regulation and cannot be upheld (*see Matter of County of Niagara v Daines*, 79 AD3d 1702, 1705 [4th Dept 2010]; *see generally Matter of Hickey v Sinnott*, 277 AD2d 572, 575 [2000]; *Mental Hygiene Legal Serv. v Cuomo*, 195 AD2d 189, 190 [1994]).

Indeed, when considering the reimbursement scheme as a whole, the only reasonable construction of 18 NYCRR 601.3 is that the time requirements contained therein are limited to reimbursement claims for expenditures made by a social services district to a vendor. As Supreme Court aptly noted, when a county is directly billed by a medical provider for overburden services in which it is entitled to reimbursement from the state, the county must submit a claim for reimbursement to the state, and the time limitations set forth in 18 NYCRR 601.3 serve to relieve the state of the burden of verifying reimbursable expenses paid by a county to any number of different vendors after more than a year has elapsed. However, it is hardly reasonable to construe 18 NYCRR 601.3 as applicable to situations such as this—where it is the state that is billed for and pays a medical provider for services rendered on behalf of a Medicaid recipient, and then subsequently collects from a county its local share of those costs—since no claim for overburden expense reimbursement need be submitted by a county. Rather, the state (which directly incurred the costs) identifies the reimbursement patients and unilaterally issues reimbursement to the county. Thus, since a county need not take any action to receive reimbursement for overburden expenses under these circumstances,[2] we find it irrational and unreasonable to apply the reimbursement claim time requirements to petitioner's claims. Moreover, an agency's prior application of its own regulation is entitled to great weight in ascertaining the meaning or scope of the regulation (*see Barrett v Lubin*, 188 AD2d 40, 44 [1993]; *Matter of Buffalo Columbus Hosp. v Axelrod*, 165 AD2d 605, 607 [1991]). Here, the record confirms that respondents did not

---

2. Here, the only reason why petitioner was required to submit these claims for reimbursement is because the state erroneously failed to reimburse petitioner for such overburden expenses.

have a past practice of applying 18 NYCRR 601.3 (c) to overburden reimbursement claims (*see Barrett v Lubin*, 188 AD2d at 44). In fact, there is no evidence that respondents have ever applied the time requirements contained in 18 NYCRR 601.3 (c) to an overburden reimbursement claim of this sort. In our view, this constitutes persuasive evidence supporting our conclusion that the subject regulation is, in fact, inapplicable to overburden claims of this nature (*see id.*).

■ Finally, we are compelled to conclude that Supreme Court abused its discretion in awarding sanctions. Although the Fourth Department and various trial courts within that Department have rejected respondents' retroactivity argument, this Court is not bound by the Fourth Department's determination on that issue and the arguments raised by respondents in relation thereto are not "completely without merit in law" (22 NYCRR 130-1.1 [c] [1]). Furthermore, it should be apparent from the foregoing discussion regarding the applicability of 18 NYCRR 601.3 that we view an award of sanctions against respondents based on their assertion of this defense to be unwarranted. Contrary to petitioner's contentions, we cannot say that respondents' invocation of that regulation was a dilatory tactic done solely in an attempt to prolong their payment of petitioner's claims.

MALONE JR., STEIN, McCARTHY and EGAN JR., JJ., concur.

Ordered that the judgment is modified, on the law, by reversing so much thereof as awarded petitioner sanctions in the form of counsel fees, and, as so modified, affirmed.