# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**18**
**CA 11-01219**
PRESENT: SCUDDER, P.J., SMITH, CENTRA, LINDLEY, AND GORSKI, JJ.

---

IN THE MATTER OF COUNTY OF NIAGARA,
PETITIONER-RESPONDENT,

          V                         MEMORANDUM AND ORDER

RICHARD F. DAINES, COMMISSIONER, NEW YORK
STATE DEPARTMENT OF HEALTH AND NEW YORK STATE
DEPARTMENT OF HEALTH, RESPONDENTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

WHITEMAN OSTERMAN & HANNA LLP, ALBANY (CHRISTOPHER E. BUCKEY OF
COUNSEL), AND NANCY ROSE STORMER, P.C., UTICA, FOR
PETITIONER-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered
March 3, 2011 in a proceeding pursuant to CPLR article 78. The
judgment, inter alia, granted the petition in part.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner, a county that is also a social services
district for the purposes of this appeal (*see Matter of County of St.
Lawrence v Daines*, 81 AD3d 212, 217, *lv denied* 17 NY3d 703), commenced
this CPLR article 78 proceeding seeking to annul the denial of its
claim for reimbursement for certain Medicaid expenditures known as
overburden expenditures (*see generally Matter of Krauskopf v Perales*,
139 AD2d 147, *affd* 74 NY2d 730). Respondents appeal, as limited by
their brief, from the judgment insofar as it granted that part of the
petition seeking reimbursement for certain pre-2006 overburden
expenditures. On appeal, respondents contend that Supreme Court erred
in granting the petition in part because a 2010 amendment (L 2010, ch
109, part B, § 24) to the law known as the Medicaid Cap Statute (L
2005, ch 58, part C, § 1, as amended by L 2006, ch 57, part A, § 60)
extinguished petitioner's right to reimbursement for overburden
expenditures made prior to July 2006. We reject that contention.

Initially, we note that we have consistently ruled that
respondents' duty to reimburse social services districts for
overburden expenditures incurred prior to January 1, 2006 was not
extinguished by the original Medicaid Cap Statute (*see Matter of*

*County of Erie v Daines*, 83 AD3d 1506; *Matter of County of Herkimer v Daines*, 83 AD3d 1510; *Matter of County of Niagara v Daines*, 79 AD3d 1702, *lv denied* 17 NY3d 703; *see also County of St. Lawrence*, 81 AD3d 212). Thus, that duty continues unless it was extinguished by the 2010 amendment to the Medicaid Cap Statute. The plain language of the 2010 amendment does not address overburden expenditures or respondents' duty to pay them but, rather, it states that, "[s]ubject to the provisions of subdivision four of section six of this part, the state/local social services district relative percentages of the non-federal share of medical assistance expenditures incurred prior to January 1, 2006 shall not be subject to adjustment on and after July 1, 2006" (L 2010, ch 109, part B, § 24). " 'Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation' . . ., and the intent of the Legislature must be discerned from the language of the statute . . . without resort to extrinsic material such as legislative history or memoranda" (*Matter of Rochester Community Sav. Bank v Board of Assessors of City of Rochester*, 248 AD2d 949, 950, *lv denied* 92 NY2d 811; *see Matter of Aquilone v Board of Educ. of City School Dist. of City of N.Y.*, 86 NY2d 198, 204). Consequently, inasmuch as the plain language of the 2010 amendment does not mention overburden expenditures or respondents' preexisting duty to reimburse petitioner for such expenses incurred prior to 2006, that duty is not extinguished by the amendment.

In addition, the 2010 amendment states that "this act shall not be construed to alter, change, affect, impair or defeat any rights, obligations, duties or interests accrued, incurred or conferred prior to the effective date of this act" (L 2010, ch 109, part B, § 40 [c]). Thus, for that reason as well, respondents' contention that the 2010 amendment defeats their preexisting duty to reimburse petitioner for the overburden expenditures is without merit.

In any event, an examination of the legislative history of the 2010 amendment fails to support respondents' contentions. There is nothing in the legislative history indicating that the Legislature acted in response to the prior judicial decisions concerning the Medicaid Cap Statute (*cf. Brothers v Florence*, 95 NY2d 290, 299-300). The New York State Senate Sponsor's memorandum states, however, that the law "would clarify the State's authority to withhold payments to local social services districts for past due youth facility reimbursement, and authorize the transfer of up to $27 million from the Youth Facility per diem account to the General Fund." "The maxim *expressio unius est exclusio alterius* is applied in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded" (McKinney's Cons Laws of NY, Book 1, Statutes § 240; *see Golden v Koch*, 49 NY2d 690, 694). Because the Legislature included a provision permitting respondents to withhold payments for certain reimbursements while at the same time failed to include a provision indicating that the Legislature intended to permit respondents to withhold or deny claims for reimbursement of overburden

expenditures, we conclude that "an irrefutable inference must be drawn that" the legislators intentionally omitted such a provision (Statutes § 240).

We reject respondents' reliance upon an affidavit prepared after the enactment of the 2010 amendment by the New York State Department of Health's former Director of the Bureau of Health Insurance Programs, Division of Legal Affairs, which purports to set forth the legislative history of the Medicaid Cap Statute and the 2010 amendment. The affidavit, "written [almost] a year after passage of the [2010] amendment and constituting, therefore, no part of the legislative process, is not entitled to consideration as legislative history" (*Matter of Lorie C.*, 49 NY2d 161, 169).

Based on our determination, we see no need to address petitioner's further contentions.

Entered: January 31, 2012                    Frances E. Cafarell
                                             Clerk of the Court