# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**858**

**CA 13-02010**

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

IN THE MATTER OF COUNTY OF NIAGARA,
PETITIONER-PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

NIRAV R. SHAH, M.D., M.P.H., COMMISSIONER,
NEW YORK STATE DEPARTMENT OF HEALTH AND
NEW YORK STATE DEPARTMENT OF HEALTH,
RESPONDENTS-DEFENDANTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS.

WHITEMAN OSTERMAN & HANNA LLP, ALBANY (CHRISTOPHER E. BUCKEY OF COUNSEL), AND NANCY ROSE STORMER, P.C., UTICA, FOR PETITIONER-PLAINTIFF-RESPONDENT.

---

Appeal from a judgment (denominated order and judgment) of the Supreme Court, Niagara County (Catherine R. Nugent Panepinto, J.), entered July 1, 2013 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, inter alia, directed respondents-defendants to pay petitioner-plaintiff's claims for reimbursement of overburden expenditures.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law without costs and the matter is remitted to Supreme Court, Niagara County, for further proceedings in accordance with the following Memorandum: Petitioner-plaintiff County of Niagara (petitioner) commenced this hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to compel respondents-defendants (respondents) to pay petitioner's claims for reimbursement for certain expenditures known as overburden expenditures (*see generally Matter of Krauskopf v Perales*, 139 AD2d 147, *affd* 74 NY2d 730). The petition/complaint alleges that respondent-defendant New York State Department of Health (DOH) improperly billed petitioner for those expenditures prior to 2006, and that respondents have a continuing duty to reimburse petitioner for them.

Determination of this appeal requires some discussion of the legislation and prior litigation concerning these expenditures. With respect to most Medicaid costs, the initial statutory scheme provided that the federal government would reimburse the State for half of all Medicaid expenditures that were made, and in most cases the DOH would

then split the other half with the social services district in which the payment was made, including petitioner (*see* Social Services Law § 368-a [1] [d]). With respect to Medicaid payments made to treat the mentally ill individuals at issue in the overburden expenditures, however, it was mandated that, commencing January 1, 1984, the DOH would pay the entire non-federal share of the treatment (*see* § 368-a [1] [h]). As the costs arising from the Medicaid program as a whole began to grow exponentially, the Legislature changed the statutory scheme by enacting the Medicaid Cap Statute ([Cap Statute] L 2005, ch 58, part C, as amended by L 2006, ch 57, part A, § 60). Although the Cap Statute used a complex set of provisions to affix each social services district's liability for Medicaid expenses, it essentially provided that each social services district, including petitioner, would send the State a fixed amount of money per year, based on the amount spent by that social services district during the fiscal year beginning April 1, 2005, minus payments received by the social services district for those expenses (*see generally Matter of County of St. Lawrence v Shah*, 95 AD3d 1548, 1549-1550). The amounts are to be adjusted for inflation in subsequent years (*see id.*).

Petitioner contends that respondents failed to reimburse it for numerous overburden expenditures that it made prior to 2006, and it began submitting claims for reimbursement. Upon enactment of the Cap Statute, respondents began to deny those claims on the ground that the Cap Statute extinguished petitioner's right to seek reimbursement for those claims. On appeal from a judgment rejecting that ground for denial, this Court concluded that, "in light of the lack of legislative history or statutory language indicating that the Legislature intended that the statute . . . should be applied retroactively" (*Matter of County of Niagara v Daines*, 60 AD3d 1456, 1457, *lv denied* 13 NY3d 707), respondents' duty to reimburse social services districts for overburden expenditures incurred prior to January 1, 2006 was not extinguished by the Cap Statute (*id.*). In addition, we also rejected respondents' contention that petitioner's claims "were time-barred pursuant to 18 NYCRR 601.3 (c)" (*Matter of County of Niagara v Daines*, 79 AD3d 1702, 1705, *lv denied* 17 NY3d 703). Respondents thereafter took the position that petitioner's right to seek reimbursement for overburden expenditures was extinguished by a 2010 amendment to the Cap Statute (L 2010, ch 109, part B, § 24), and we likewise rejected that contention. We concluded that, "inasmuch as the plain language of the 2010 amendment does not mention overburden expenditures or respondents' preexisting duty to reimburse petitioner for such expenses incurred prior to 2006, that duty is not extinguished by the amendment" (*Matter of County of Niagara v Daines*, 91 AD3d 1288, 1289). We further stated that "[t]here is nothing in the legislative history indicating that the Legislature acted in response to the prior judicial decisions concerning the Medicaid Cap Statute" in enacting the 2010 amendment (*id.*).

Subsequent to our determination in that case, however, the Legislature inserted a provision in the executive budget for 2012-2013, stating that, "[n]otwithstanding the provisions of section 368-a of the social services law or any other contrary provision of law, no

reimbursement shall be made for social services districts' claims submitted on and after the effective date of this paragraph, for district expenditures incurred prior to January 1, 2006, including, but not limited to," overburden expenditures (L 2012, ch 56, part D, § 61 [hereafter, section 61]).  Furthermore, the memorandum in support of the executive budget indicated that section 61 was proposed "to clarify that local governments cannot claim for overburden expenses incurred prior to January 1, 2006, when the [Cap Statute] took effect. This is necessary to address adverse court decisions that have resulted in State costs paid to local districts for pre-cap periods, which conflict with the original intent of the" Cap Statute.

After the effective date of section 61, petitioner submitted the claims at issue in this appeal.  The DOH denied those claims on the ground that they were barred by section 61, and petitioner commenced this action.  Respondents moved and petitioner cross-moved for summary judgment on the petition/complaint.  Respondents appeal from a judgment that, inter alia, granted petitioner's cross motion and directed respondents to pay the claims.  We agree with respondents that section 61 has retroactively changed the law with respect to this issue, and we therefore reverse.

Section 61 clearly states that no further claims for reimbursement of overburden expenditures will be paid, notwithstanding Social Services Law § 368-h.  Thus, the unequivocal wording of section 61 retroactively extinguishes petitioner's right to submit claims for reimbursement of overburden expenditures made prior to 2006.  "The retroactivity of a statute which is expressly retroactive, as here, will generally be defeated only if such retroactivity would violate due process or some other specific constitutional precept" (*Matter of City of New York v Lawton*, 128 AD2d 202, 206).

Here, however, in granting the cross motion, Supreme Court ordered that petitioner's claims be "treated under Social Services Law § 368-a as [they] existed at the time that Petitioner incurred the Overburden expenses on Respondents' behalf, pursuant to the special facts exception."  We agree with respondents that the special facts exception does not apply in this situation.  Insofar as relevant here, that exception provides that "a court may deny an agency the benefit of a change in the law when it has intentionally or even negligently delayed action on [a claim] until after the law had been amended to authorize denial of the" claim (*Matter of Faymor Dev. Co. v Board of Stds. & Appeals of City of N.Y.*, 45 NY2d 560, 565).  There is no indication that resolution of the claims at issue was delayed until section 61 was enacted.  To the contrary, respondents denied the claims immediately upon their submission, based on section 61. Although respondents unquestionably denied other, earlier claims based on other rationales, those claims have since been paid and are not at issue in this appeal.  We reject petitioner's contention that the initial alleged failure of the State's computer to flag these payments as overburden expenditures, and all subsequent denials or delays in paying claims submitted by petitioner and other social services districts, should be classified as the requisite intentional or negligent failure to act.  Any intentional or negligent computer

coding error occurred, if at all, when a computer coding process was allegedly changed at some unknown date prior to 2006, and section 61 was not enacted until six years later. It therefore cannot be said that the changes in the computer coding were made in anticipation of the imminent enactment of section 61, which was not contemplated at that time. Similarly, respondents' prior denial of claims and litigation occurred years before section 61 was first contemplated, and we therefore reject the contention that the delay was for the purpose of awaiting that legislative action. Thus, the court erred in determining that the special facts exception applies.

Petitioner further contends that section 61 is inapplicable because respondents have an ongoing duty to reimburse petitioner for all prior overburden expenditures without regard to whether petitioner submits a claim. Thus, according to petitioner, no claim for reimbursement is necessary, and section 61 therefore does not apply to this situation because it merely bars payment of claims. We reject that contention.

It is well settled that, in interpreting a statute, a court " 'must assume that the Legislature did not deliberately place a phrase in the statute that was intended to serve no purpose' " (*Matter of Rodriguez v Perales*, 86 NY2d 361, 366, quoting *Matter of Smathers*, 309 NY 487, 495), and must avoid an interpretation that " 'result[s] in the nullification of one part of [a statute] by another' " (*Rangolan v County of Nassau*, 96 NY2d 42, 48). Thus, "[a] construction that would render a provision superfluous is to be avoided" (*Majewski v Broadalbin-Perth Sch. Dist.*, 91 NY2d 577, 587; *see Matter of Branford House v Michetti*, 81 NY2d 681, 688). If we accept petitioner's contention that respondents must forthwith search out all prior possible instances of unreimbursed overburden expenditures and submit payment for them to petitioner notwithstanding section 61, then there is no situation in which a claim for such payment will be submitted. Thus, there will be no situation in which section 61 will apply, rendering it a nullity. Similarly, to accept petitioner's "proffered interpretation would be to return to the prior version of the statute, rendering the amendment a nullity" (*People v Thompson*, 99 NY2d 38, 42). We therefore reject petitioner's interpretation of the statutory scheme.

In its cross motion for summary judgment, petitioner sought, inter alia, judgment declaring that section 61 is unconstitutional because the statute deprived petitioner of due process by removing its vested rights. "[T]he traditional principle throughout the United States has been that municipalities and other local governmental corporate entities and their officers lack capacity to mount constitutional challenges to acts of the State and State legislation. This general incapacity to sue flows from judicial recognition of the juridical as well as political relationship between those entities and the State. Constitutionally as well as a matter of historical fact, municipal corporate bodies—counties, towns and school districts—are merely subdivisions of the State, created by the State for the convenient carrying out of the State's governmental powers and responsibilities as its agents. Viewed, therefore, by the courts as

purely creatures or agents of the State, it followed that municipal corporate bodies cannot have the right to contest the actions of their principal or creator affecting them in their governmental capacity or as representatives of their inhabitants" (*City of New York v State of New York*, 86 NY2d 286, 289-290).

It is equally well settled, however, that "[t]he issue of lack of capacity to sue does not go to the jurisdiction of the court, as is the case when the plaintiffs lack standing.  Rather, lack of capacity to sue is a ground for dismissal which must be raised by motion and is otherwise waived" (*id.* at 292).  Here, petitioner cross-moved for summary judgment on several grounds, including the unconstitutionality of the statute, and it appears that the Attorney General was invited to participate based upon the challenge to the constitutionality of section 61.  The record does not reflect whether respondents contested that part of the cross motion, or whether the Attorney General appeared with respect to that issue.  Because the court decided the cross motion solely on the ground that the special facts exception barred the application of section 61, the court did not reach the issue.  We therefore remit the matter to Supreme Court for consideration of the issue, after any further briefing and motion argument that the court deems proper.

Entered:  November 14, 2014                      Frances E. Cafarell
                                                 Clerk of the Court