# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**109**
**CA 14-00923**
PRESENT: SMITH, J.P., CARNI, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF COUNTY OF CHAUTAUQUA,
PETITIONER-PLAINTIFF-RESPONDENT-APPELLANT,

V                                    MEMORANDUM AND ORDER

NIRAV R. SHAH, M.D., M.P.H., AS COMMISSIONER
OF NEW YORK STATE DEPARTMENT OF HEALTH AND
NEW YORK STATE DEPARTMENT OF HEALTH,
RESPONDENTS-DEFENDANTS-APPELLANTS-RESPONDENTS.
(APPEAL NO. 1.)

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (VICTOR PALADINO OF
COUNSEL), FOR RESPONDENTS-DEFENDANTS-APPELLANTS-RESPONDENTS.

WHITEMAN, OSTERMAN & HANNA LLP, ALBANY (CHRISTOPHER E. BUCKEY OF
COUNSEL), AND NANCY ROSE STORMER, P.C., UTICA, FOR
PETITIONER-PLAINTIFF-RESPONDENT-APPELLANT.

---

Appeal and cross appeal from a judgment (denominated order and judgment) of the Supreme Court, Chautauqua County (Deborah A. Chimes, J.), entered January 27, 2014 in a CPLR article 78 proceeding and declaratory judgment action. The judgment, among other things, annulled the determination of respondents-defendants and directed respondents-defendants to allow petitioner-plaintiff's claims for reimbursement.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by denying the petition-complaint in its entirety and granting judgment in favor of respondents-defendants as follows:

It is ADJUDGED and DECLARED that section 61 of part D of section 1 of chapter 56 of the Laws of 2012 has not been shown to be unconstitutional,

and as modified the judgment is affirmed without costs.

Memorandum: The petitioner-plaintiff in appeal No. 1 (hereafter, Chautauqua County) commenced a hybrid CPLR article 78 proceeding and declaratory judgment action seeking, inter alia, to compel respondents-defendants (respondents) to reimburse it for certain Medicaid expenditures known as overburden expenditures (*see Matter of County of Herkimer v Daines*, 60 AD3d 1456, 1456-1457, *lv denied* 13 NY3d 707 [*County of Herkimer I*]). The petitioner-plaintiff in appeal

No. 2 (hereafter, Jefferson County; collectively with Chautauqua County, petitioners) commenced a nearly identical proceeding-action seeking reimbursement for its overburden expenditures. The petitions/complaints allege that respondent-defendant New York State Department of Health (DOH) improperly billed petitioners for those expenditures prior to 2006, and that respondents have a continuing duty to reimburse petitioners for them.

The history of the legislation and prior litigation regarding these expenditures is fully set forth in our recent decision in *Matter of County of Niagara v Shah* (122 AD3d 1240, 1240-1242 [*Niagara III*]). In brief, several counties throughout the State have submitted numerous claims to the DOH over the last several years, seeking reimbursement for overburden expenditures that the counties made prior to 2006. When the DOH refused to pay those claims, the counties commenced litigation similar to the cases on appeal, asking the courts to direct respondents to pay those claims (*see e.g. Matter of County of Herkimer v Daines*, 83 AD3d 1510; *Matter of County of Niagara v Daines*, 79 AD3d 1702, *lv denied* 17 NY3d 703 [*Niagara I*]). First, in *County of Herkimer I* (60 AD3d at 1457), we rejected respondents' contentions that the claims were extinguished by the enactment of the Medicaid Cap Statute ([Cap Statute] L 2005, ch 58, § 1, part C, § 9, as amended by L 2006, ch 57, § 1, part A, § 60). We later rejected respondents' contention that the claims "were time-barred pursuant to 18 NYCRR 601.3 (c)" (*Niagara I*, 79 AD3d at 1705), and, in *Matter of County of Niagara v Daines* (91 AD3d 1288, 1289 [*Niagara II*]), we rejected respondents' further contention that the Legislature intended to extinguish those claims by enacting a 2010 amendment to the Cap Statute (*see* L 2010, ch 109, § 1, part B, § 24). In making these determinations, we relied on, among other things, the lack of any indication in the statutes or the applicable legislative history that the Legislature intended to extinguish the counties' right to reimbursement for overburden expenditures made prior to the enactment of the Cap Statute.

The situation changed, however, when the Legislature inserted a provision in the 2012-2013 State budget stating that, "[n]otwithstanding the provisions of section 368-a of the social services law or any other contrary provision of law, no reimbursement shall be made for [counties'] claims submitted on and after the effective date of this paragraph, for district expenditures incurred prior to January 1, 2006, including, but not limited to," overburden expenditures (L 2012, ch 56, § 1, part D, § 61 [hereafter, section 61]). In addition, the memorandum in support of the 2012-2013 executive budget stated that section 61 had been proposed "to clarify that [counties] cannot claim for overburden expenses incurred prior to January 1, 2006, when the [Cap Statute] took effect. This is necessary to address adverse court decisions that have resulted in State costs paid to [counties] for pre-cap periods, which conflict with the original intent of the" Cap Statute. Consequently, we concluded in *Niagara III* (122 AD3d at 1242) that "[s]ection 61 clearly states that no further claims for reimbursement of overburden expenditures will be paid, notwithstanding Social Services Law § 368-a. Thus, the unequivocal wording of section 61 retroactively

extinguishes [a county's] right to submit claims for reimbursement of overburden expenditures made prior to 2006."

After the effective date of section 61, petitioners submitted the claims at issue in these appeals, which the DOH denied on the ground that they were barred by section 61.  In appeal No. 1, Supreme Court, Chautauqua County, issued a judgment in which it, inter alia, declared section 61 unconstitutional, annulled respondents' determination to deny those claims, and directed respondents to pay the claims.  The court also denied Chautauqua County's request for relief in the nature of mandamus, directing the DOH to search its records for all other payments made by Chautauqua County for overburden expenses, and to reimburse that County for those expenses.  In appeal No. 2, Supreme Court, Jefferson County, issued a judgment in which it annulled the DOH's denial of that County's claims for reimbursement, directed respondents to pay the claims at issue, and declared section 61 unconstitutional.  The court, unlike the judgment in appeal No. 1, granted relief in the nature of mandamus, directing the DOH to search its records and reimburse Jefferson County for all unpaid overburden expenditures that had been made by Jefferson County.  These appeals by respondents and cross appeals by petitioners ensued.

Respondents contend in both appeals that the court erred in declaring section 61 unconstitutional under the federal and state constitutions because petitioners have no due process rights against the State.  Specifically, respondents contend that petitioners are not persons within the meaning of the due process guarantees of the state and federal constitutions, and thus petitioners have no ability to raise claims for violation of those provisions.  Petitioners contend that respondents are actually attempting to raise a capacity defense, which they waived by failing to assert it as an affirmative defense in their answer or by motion.  We agree with respondents that petitioners are not persons within the meaning of the state and federal constitutions and thus may not raise a due process argument against the State.

We note at the outset the well-settled principle that "municipalities and other local governmental corporate entities and their officers lack capacity to mount constitutional challenges to acts of the State and State legislation.  This general incapacity to sue flows from judicial recognition of the juridical as well as political relationship between those entities and the State" (*City of New York v State of New York*, 86 NY2d 286, 289).  We agree with petitioners, however, that "[t]he issue of lack of capacity to sue does not go to the jurisdiction of the court, as is the case when the [petitioners] lack standing.  Rather, lack of capacity to sue is a ground for dismissal which must be raised by motion and is otherwise waived" (*id.* at 292; *see Niagara III*, 122 AD3d at 1244).  Here, it is clear that respondents did not raise the defense of capacity in their answer or a pre-answer motion, and thus it is waived.  Nevertheless, respondents' waiver of their capacity defense does not afford petitioners the right to the relief sought.  In other words, the issue of " 'capacity concerns [petitioners'] power to appear and bring [their] grievance before the court' " (*Matter of Graziano v County of*

*Albany*, 3 NY3d 475, 478-479), but petitioners must then establish their constitutional claim.

Here, petitioners contend that respondents' enactment of section 61 impermissibly deprived them of vested rights to repayment under Social Services Law § 368-a, in violation of their rights under the due process clauses of the federal and state constitutions. The Fourteenth Amendment of the United States Constitution provides in relevant part that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law." Similarly, article I, § 6 of the New York State Constitution provides in relevant part that "[n]o person shall be deprived of life, liberty or property without due process of law." Thus, the constitutional provisions share a common link, i.e., they protect a "person" (*id.*; *see* US Const, 14th Amend, § 1).

Contrary to petitioners' contentions, we conclude that they are not persons within the meaning of the constitutional due process provisions. This principle was stated clearly by the United States Court of Appeals for the Seventh Circuit, which concluded that "[m]unicipalities cannot challenge state action on federal constitutional grounds because they are not 'persons' within the meaning of the Due Process Clause" (*City of East St. Louis v Circuit Court for Twentieth Judicial Circuit, St. Clair County, Ill.*, 986 F2d 1142, 1144). Other decisions, without using the term "person," also support the conclusion that a municipal body may not use the due process clause to challenge legislation of the municipality's creating state. Thus, "[i]t has long been the case that a municipality may not invoke the protections of the Fourteenth Amendment against its own state . . . A municipality is thus prevented from attacking state legislation on the grounds that the law violates the municipality's own rights . . . Moreover, while municipalities or other state political subdivisions may challenge the constitutionality of state legislation on certain grounds and in certain circumstances, these do not include challenges brought under the Due Process . . . Clause[] of the Fourteenth Amendment . . . This is because 'a municipal corporation, in its own right, receives no protection from the . . . Due Process Clause[] vis-a-vis its creating state' " (*City of New Rochelle v Town of Mamaroneck*, 111 F Supp 2d 353, 364 [citations omitted] [SD NY]; *see City of S. Lake Tahoe v California Tahoe Regional Planning Agency*, 625 F2d 231, 233-234, *cert denied* 449 US 1039; *cf. Township of River Vale v Town of Orangetown*, 403 F2d 684, 686 [2d Cir] [a municipality may raise a constitutional due process challenge to the actions of a different state]). Indeed, the Supreme Court wrote in 1933 that a "municipal corporation, created by a state for the better ordering of government, has no privileges or immunities under the Federal Constitution which it may invoke in opposition to the will of its creator" (*Williams v Mayor & City Council of Baltimore*, 289 US 36, 40). The Court of Appeals has concluded that the same principle applies equally under the due process clause of the New York State Constitution, stating that, although "under the due process . . . clauses of our State and Federal Constitutions . . . .[,

petitioners] have procedural standing to participate in the present litigation (and thus to be heard, for instance, on questions of statutory interpretation), they do not have the substantive right to raise these constitutional challenges" (*Matter of Jeter v Ellenville Cent. Sch. Dist.*, 41 NY2d 283, 287).  Inasmuch as petitioners are not persons who may raise a due process challenge to state legislation, they are not entitled to the relief they seek, including a declaration that the legislation is unconstitutional.  We therefore modify the judgments in both appeals by denying in its entirety the relief sought in the petitions/complaints and by granting judgment in favor of respondents declaring that section 61 has not been shown to be unconstitutional.

Petitioners' contentions that they are entitled to relief in the nature of mandamus, directing respondents to search their records, locate all unreimbursed claims for overburden expenditures made by petitioners, and reimburse petitioners for those expenditures, are without merit (*see Niagara III*, 122 AD3d at 1243-1244).  Finally, for reasons stated in the decision at Supreme Court, Jefferson County, that County's contentions on its cross appeal with respect to its tort claims are without merit.

Frances E. Cafarell

Entered:  March 20, 2015

Clerk of the Court