Matter of Bard Coll. v Dutchess County Bd. of Elections (2021 NY Slip Op 05937)





Matter of Bard Coll. v Dutchess County Bd. of Elections


2021 NY Slip Op 05937


Decided on October 29, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 29, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2021-07433
2021-07434
 (Index No. 52777/21)

[*1]In the Matter of Bard College, etc., et al., petitioners-respondents,
v
Dutchess County Board of Elections, respondent, Erik J. Haight, etc., appellant, Hanna Black, etc., respondent-respondent.




DECISION & ORDER
In a proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus to compel the respondent Dutchess County Board of Elections to designate the Bertelsmann Campus Center at Bard College as the polling place for Election District 5 in the Town of Red Hook for a general election to be held on November 2, 2021, or, in the alternative, to designate both the Bertelsmann Campus Center at Bard College and St. John's Episcopal Church as the polling places for Election District 5 in the Town of Red Hook for the general election to be held on November 2, 2021, Erik J. Haight appeals from (1) an order and judgment (one paper) of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated September 22, 2021, and (2) an order of the same court dated October 13, 2021. The order and judgment, insofar as appealed from, without a hearing, denied the motion of Erik J. Haight pursuant to CPLR 3211(a) to dismiss the petition, and granted that branch of the petition which was to compel the Dutchess County Board of Elections to designate both the Bertelsmann Campus Center at Bard College and St. John's Episcopal Church as the polling places for Election District 5 in the Town of Red Hook. The order denied the motion of Erik J. Haight, inter alia, to vacate so much of the order and judgment as, without a hearing, granted that branch of the petition which was to compel the Dutchess County Board of Elections to designate both the Bertelsmann Campus Center at Bard College and St. John's Episcopal Church as the polling places for Election District 5 in the Town of Red Hook.
ORDERED that the order and judgment is affirmed insofar as appealed from, without costs or disbursements; and it is further,
ORDERED that the order is affirmed, without costs or disbursements.
The petitioners commenced this proceeding pursuant to CPLR article 78, in effect, in the nature of mandamus to compel the Dutchess County Board of Elections (hereinafter the Board) to designate the Bertelsmann Campus Center at Bard College (hereinafter the Campus Center) as the polling place for Election District 5 in the Town of Red Hook (hereinafter District 5) for a general election to be held on November 2, 2021, or, in the alternative, to designate both the Campus Center and St. John's Episcopal Church (hereinafter the Church) as the polling places for District 5. In 2019, the Board used the Church as the polling place for District 5, as it had for many years. In 2020, the Board designated both the Campus Center and the Church in accordance with a stipulated order of the Supreme Court dated October 30, 2020. The Board failed to reach an agreement on a 2021 polling location for District 5 at its February 25, 2021 [*2]meeting. It thereafter notified the voters of District 5 that the Church would be their sole polling location. The petition alleges, among other things, that the Board arbitrarily reverted to its 2019 designation for District 5 (see CPLR 7803[3]).
By notice of motion dated August 2, 2021, Erik J. Haight, a Commissioner of the Board, moved pursuant to CPLR 3211(a) to dismiss the petition, arguing, inter alia, that it was time-barred. The petitioners and the respondent Hannah Black, a Commissioner of the Board, separately opposed the motion. Black additionally submitted an answer in which she interposed a cross claim against the Board and Haight, seeking essentially the same relief as the petitioners. In an order and judgment dated September 22, 2021, the Supreme Court, without a hearing, denied Haight's motion to dismiss and granted that branch of the petition which was to compel the Board to designate both the Campus Center and the Church as polling places for District 5. Haight thereafter moved to vacate so much of the order and judgment as granted the petition in part and for permission to file an answer to the petition and to the cross claim. The court denied that motion in an order dated October 13, 2021. Haight appeals from the order and judgment, as well as from the order.
As an initial matter, Black waived her challenge to Haight's capacity to appeal from adverse determinations of the Supreme Court (see Matter of Rochester Police Locust Club, Inc. v City of Rochester, 196 AD3d 74, 77-78; Matter of County of Chautauqua v Shah, 126 AD3d 1317, 1320, affd sub nom. Matter of County of Chemung v Shah, 28 NY3d 244). Black is also incorrect that Haight lacks standing to appeal. Any "aggrieved party . . . may appeal from any appealable judgment or order except one entered upon the default of the aggrieved party" (CPLR 5511). A party "is aggrieved within the meaning of CPLR 5511 when he or she asks for relief but that relief is denied in whole or in part, or when someone asks for relief against him or her, which the person opposed, and the relief is granted in whole or in part" (Daviotis v Kappa Servs. Corp., 161 AD3d 722, 722). Here, Haight is aggrieved by the order and judgment and the order, insofar as those papers either denied relief to him or granted relief to the petitioners (see CPLR 5511).
Turning to the merits, a proceeding pursuant to CPLR article 78 in the nature of mandamus to compel is subject to a four-month statute of limitations (see CPLR 217[1]; Matter of Thomas v New York City Employees' Retirement Sys., 183 AD3d 898, 900). A cause of action sounding in mandamus accrues when the administrative determination at issue becomes "final and binding" (Matter of Carter v Walt Whitman N.Y. City Hous. Auth., 98 AD3d 1113, 1114). "An agency action becomes final and binding upon a petitioner when two factors are present: (1) where 'the agency . . . reached a definitive position on the issue that inflicts actual, concrete injury' and (2), where 'the injury inflicted may not be prevented or significantly ameliorated by further administrative action or by steps available to the complaining party'" (id. at 1114-1115, quoting Matter of Best Payphones, Inc. v Department of Info. Tech. & Telecom. of City of N.Y., 5 NY3d 30, 34).
Here, the Board had a statutory duty to designate a polling place for District 5 by "a majority vote of the commissioners" by March 15, 2021 (Election Law § 3-212[2]; see id. § 4-104[1]). Both commissioners, Black and Haight, moved to designate their preferred polling place for District 5 at a meeting of the Board on February 25, 2021, but neither motion garnered a majority vote. Although Haight declared without objection that the polling place for District 5 and others would therefore revert to its 2019 location, no motion was made during that February 25 meeting as to the location of polling places for districts upon which the commissioners failed to agree. The Board thereby did not reach a definitive position on the District 5 polling place at its February 25 meeting (see id. § 3-212[2]). Moreover, the Board could have ameliorated the petitioners' injury after the February 25 meeting by designating a new polling place for District 5 by majority vote at any point up until March 15, 2021 (see id. §§ 3-212[2]; 4-104[1]). There is no dispute that the Board did not undertake any such action during that time. The Board's determination thus became final and binding upon the expiration of the statutory deadline (see id. § 4-104[1]), meaning the Supreme Court properly determined that the petitioners timely commenced this proceeding by filing a notice of petition and petition on July 15, 2021.
The Supreme Court also properly granted that branch of the petition which was to compel the Board to designate both the Campus Center and the Church as polling places for District 5. "'An action is arbitrary and capricious when it is taken without sound basis in reason or regard to the facts'" (Matter of Lawrence Union Free Sch. Dist. v Town of Hempstead Indus. Dev. Agency, 196 AD3d 486, 487, quoting Matter of Peckham v Calogero, 12 NY3d 424, 431; see CPLR 7803[3]). More specifically, a "'[a] decision of an administrative agency which neither adheres to its own prior precedent nor indicates its reason for reaching a different result on essentially the same facts is arbitrary and capricious'" (Matter of Nicolai v McLaughlin, 163 AD3d 572, 574, quoting Matter of Amdurer v Village of New Hempstead Zoning Bd. of Appeals, 146 AD3d 878, 879 [internal quotation marks omitted]; see also Federal Communications Commission v Fox Television Stations, Inc., 556 US 502, 513-516).
Here, the uncontroverted evidence in the record establishes that whenever commissioners of the Board fail to designate a polling place for a particular election district by majority vote, the previously designated polling location is used for that district by default. The Board most recently designated both the Campus Center and the Church as simultaneous polling locations for District 5 in accordance with a stipulated order of the Supreme Court dated October 30, 2020. Instead of using that designation for District 5 upon its failure to make a new designation at the February 25 meeting, however, the Board notified voters that it would use the polling location last designated for District 5 in 2019. The Board neither acknowledged this apparent conflict with its prior practice nor supplied a reasoned explanation therefor. The court therefore properly determined that the Board's reversion to the 2019 designated polling place for District 5 was arbitrary and capricious, and properly directed that the Board use the polling locations designated in 2020 for District 5 in accordance with the Board's prior practice instead.
Furthermore, under the circumstances of this case, the Supreme Court properly resolved the merits of this proceeding without requiring Haight to file an answer or holding a hearing, since the dispositive facts were undisputed, the relevant arguments of the parties were fully set forth in the motion papers, and no prejudice resulted from the failure to require an answer (see Matter of Crown Castle NG E., LLC v Town of Hempstead, 186 AD3d 1362, 1363-1364; Matter of Berg v Planning Bd. of the City of Glen Cove, 169 AD3d 665, 668; Matter of Arash Real Estate & Mgt. Co. v New York City Dept. of Consumer Affairs, 148 AD3d 1137, 1138).
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER: Maria T. Fasulo
Acting Clerk of the Court