■ In the Matter of INDEPENDENCE PARTY STATE COMMITTEE et al., Respondents, v NEW YORK STATE BOARD OF ELECTIONS et al., Respondents, and ALAN HEVESI, Appellant. [746 NYS2d 330] —Per Curiam.

This appeal involves the interplay between Election Law § 6-104 (2) and § 6-120 (3), commonly known as the Wilson-Pakula Law, as they relate to a political party's designation of a candidate for statewide office who is not an enrolled member of that party. Under Election Law § 6-104 (2), all of those receiving 25% or more of the vote cast on any ballot of the party's State Committee shall have the right to make written demand to respondent State Board of Elections (hereinafter the Board) that their names appear on the primary ballot as candidates for nomination. At the same time, Election Law § 6-120 prohibits a party designation or nomination of a candidate who is not an enrolled member of the party except upon authorization by a majority vote of the members of the party committee (see Election Law § 6-120 [3]).

The rules of the Independence Party, which are implicated in this proceeding, accommodate both statutory requirements by providing that, following a roll call vote for each statewide office, a candidate receiving at least one more vote than 50% of the weighted vote of those present and voting would be the party's designee and a candidate receiving at least 25% could request that the Board place his or her name on the primary ballot. In addition, at the conclusion of the voting for each office, the Independence Party State Committee would be asked to vote a certificate of authorization to any candidate with at least 25% of the weighted vote who is not an enrolled member of the Independence Party.

At the 2002 Independence Party state designating meeting, respondent Alan Hevesi (hereinafter respondent), an enrolled Democratic Party member, and petitioner John J. Faso, an enrolled Republican Party member, each received over 25% of the weighted vote for the office of Comptroller. On the ensuing vote for a certificate of authorization, however, only Faso received more than 50% of the weighted vote. Respondent therefore did not receive a certificate of authorization. Respondent presented a certificate of consent and acceptance of the Independence Party designation to the Board and demanded that his name be placed on the ballot for the September 10, 2002 primary election. The Independence Party State Committee and some of its officers, as well as Faso and another aggrieved candidate whose claim is no longer at issue, commenced this proceeding to enjoin the Board from placing respondent's

name on the primary ballot. Supreme Court granted petitioner's application and enjoined the Board from placing the names of any candidate for the nomination of the Independence Party on the ballot who is not a member of the party and has not been authorized by the party. Respondent appeals.

We are unpersuaded by respondent's central claim that the legislative intent behind the current statutory scheme was to allow all candidates approved by at least 25% of the weighted vote of a state committee to run in the primary; we accordingly affirm. It is well settled that "a statute is to be construed according to the ordinary meaning of its words * * * and resort to extrinsic matter is inappropriate when the statutory language is unambiguous and the meaning unequivocal" (*Sega v State of New York*, 60 NY2d 183, 190-191 [citations omitted]). "Generally, a statute is not deemed impliedly modified by a later enactment 'unless the two are in such conflict that both cannot be given effect. If by any fair construction, a reasonable field of operation can be found for [both] statutes, that construction should be adopted' " (*Matter of Consolidated Edison Co. of N.Y. v Department of Envtl. Conservation*, 71 NY2d 186, 195, quoting *People v Newman*, 32 NY2d 379, 390, *cert denied* 414 US 1163 [internal quotation marks omitted]). Further, "statutes relating to the same subject matter * * * must be read together and applied harmoniously and consistently" (*Alweis v Evans*, 69 NY2d 199, 204; *see Iazzetti v City of New York*, 94 NY2d 183; *Matter of Consolidated Edison Co. of N.Y. v Department of Envtl. Conservation, supra* at 195).

In our view, there is no facial inconsistency between Election Law § 6-104 (2) and § 6-120 (3). To the contrary, one statute governs the means by which party members and nonmembers can gain access to a party's primary ballot and the other requires nonparty members to go through the additional process of obtaining party authorization. Both statutory requirements can be accommodated without conflict, as has been done in the applicable rules of the Independence Party. Further, even if we were to resort to legislative history, we see nothing in the 1967 amendments to the predecessor of Election Law § 6-104 (*see* L 1967, ch 716, § 2) warranting the conclusion reached by respondent. To the contrary, the legislative history of the Wilson-Pakula Law can be seen to evince the Legislature's intent to maintain the requirement that nonparty members obtain party authorization in order to appear on the party's primary ballot. In fact, the 1967 legislation cited by respondent reiterated the judicial candidate exception to the restriction that party nominees or designees be party members,

but did not modify the nonparty member authorization requirements in any way (*see* L 1967, ch 716).

Respondent's additional contentions have been considered and found to be lacking in merit.

Cardona, P.J., Mercure, Peters, Spain and Kane, JJ., concur. Ordered that the order is affirmed, without costs.