*90 OPINION OF THE COURT
McCarthy, J.
Appeals from three judgments of the Supreme Court (Demurest, J.), entered July 31, 2013 and September 9, 2013 in St. Lawrence County, which partially granted petitioner’s applications, in three combined proceedings pursuant to CPLR article 78 and actions for declaratory judgment, to annul three determinations of respondent Commissioner of Health disallowing petitioner’s claims for Medicaid reimbursements.
As of 1984, the state became fully financially responsible for Medicaid services provided to certain mentally disabled recipients, in what were called overburden expenditures (see Social Services Law § 368-a [1] [h]). In practice, the counties— which are also social services districts for Medicaid purposes— would initially pay the state for these Medicaid expenditures and the state would reimburse the counties. When the Medicaid Cap Statute went into effect in 2006, it altered the funding formula for Medicaid in general (see L 2005, ch 58, § 1, part C, § 1). Respondent Department of Health (hereinafter DOH) took the position that it was no longer obligated to reimburse counties for overburden expenditures incurred prior to January 1, 2006, but this Court and others declared that the state was still obligated to make such reimbursements (see Matter of County of St. Lawrence v Daines, 81 AD3d 212, 214-215 [2011], lv denied 17 NY3d 703 [2011]; Matter of County of Herkimer v Daines, 60 AD3d 1456, 1457 [2009], lv denied 13 NY3d 707 [2009]; Matter of County of Niagara v Daines, 60 AD3d 1460, 1461 [2009], lv denied 13 NY3d 708 [2009]). After the Legislature amended the Medicaid Cap Statute in 2010 (see L 2010, ch 109, § 1, part B, §§ 24, 40), DOH again took the position that it was not required to reimburse the counties for overburden expenditures incurred prior to 2006. Again, this Court and others disagreed with DOH and declared that it was responsible for those reimbursements (see Matter of County of St. Lawrence v Shah, 95 AD3d 1548, 1549 [2012]; Matter of County of Niagara v Daines, 91 AD3d 1288, 1289-1290 [2012]).
While that litigation was pending, the Legislature enacted a 2012 amendment, which provided that,
“[notwithstanding the provisions of [Social Services Law § 368-a] or any other contrary provision of law, no reimbursement shall be made for social services districts’ claims submitted on and after the *91 effective date of this paragraph, for district expenditures incurred prior to January 1, 2006, including, but not limited to, [overburden expenditures]” (L 2012, ch 56, § 1, part D, § 61).
After the April 1, 2012 effective date of that amendment, petitioner submitted three separate claims to DOH seeking reimbursement for overburden expenditures incurred prior to 2006. DOH denied those claims, citing the 2012 amendment. Petitioner commenced these three combined proceedings and declaratory judgment actions seeking, among other things, to annul respondents’ determinations on those claims, a declaration that the 2012 amendment is unconstitutional and an order directing DOH to review, verify and pay any legitimate overburden expenditures. Supreme Court partially granted petitioner’s applications, annulling DOH’s three determinations, finding the 2012 amendment unconstitutional because it retroactively extinguished petitioner’s vested right to reimbursements, ordering DOH to review and pay any of petitioner’s legitimate claims and ordering DOH to identify, verify and pay the total unpaid overburden expenditures that petitioner incurred prior to 2006. Respondents appeal.
Initially, despite respondents’ argument to the contrary, their assertion that petitioner, as a political subdivision of the state, can have no due process claim against its creator, is essentially a challenge to petitioner’s capacity (see City of New York v State of New York, 86 NY2d 286, 291-292 [1995]). That argument was waived by respondents’ failure to raise it as a defense in their answer or a pre-answer motion to dismiss (see CPLR 3211 [e]; City of New York v State of New York, 86 NY2d at 292; Town of Delhi v Telian, 119 AD3d 1049, 1050 [2014]). Thus, we will address the merits.
The 2012 amendment did not retroactively extinguish petitioner’s vested right to reimbursement pursuant to Social Services Law § 368-a (1) (h). “[A] statute is not deemed impliedly modified by a later enactment unless the two are in such conflict that both cannot be given effect. If by any fair construction, a reasonable field of operation can be found for [both] statutes, that construction should be adopted” (Matter of Consolidated Edison Co. of N.Y. v Department of Envtl. Conservation, 71 NY2d 186, 195 [1988] [internal quotation marks and citations omitted]; accord Matter of Independence Party State Comm. v New York State Bd. of Elections, 297 AD2d 459, 461 [2002]). “[S]tatutes relating to the same subject matter . . . must be read together and applied harmoniously and consis *92 tently” (Alweis v Evans, 69 NY2d 199, 204 [1987]; see Matter of County of St. Lawrence v Shah, 95 AD3d at 1552).
Social Services Law § 368-a and the 2012 amendment can be read together and “interpreted to achieve legislative objectives that are not inherently inconsistent with each other” (Matter of County of St. Lawrence v Shah, 95 AD3d at 1552). This Court has already held that, under Social Services Law § 368-a (1) (h), petitioner’s right to reimbursement of overburden expenditures accrued when petitioner made payment to the state for those expenses for which no local share was owed, i.e., prior to January 1, 2006 (see Matter of County of St. Lawrence v Shah, 95 AD3d at 1554; Matter of County of St. Lawrence v Daines, 81 AD3d at 216). The 2012 amendment did not specifically repeal any part of Social Services Law § 368-a or affect the counties’ inherent right to reimbursement. Rather, the amendment simply imposed a statute of limitations for the payment of claims for such reimbursement. A statute of limitations does not impair an underlying substantive right, but may deprive a litigant of any remedy (see Matter of Paver & Wildfoerster [Catholic High School Assn.], 38 NY2d 669, 676 [1976]; Matter of Romeo v New York State Dept. of Educ., 41 AD3d 1102, 1104 [2007]; see also Siegel, NY Prac § 34 at 42 [4th ed 2005]). In April 2012, the Legislature could have reasonably decided that, to promote finality of claims and effectuate accurate budgeting, reimbursements from more than six years earlier could be barred. Although petitioner contends that DOH was required by statute to reimburse all counties for overburden expenditures incurred prior to 2006, and that DOH did not comply with its statutory obligations, “[a] statute of limitations may apply even when conduct inconsistent with a statute or the state constitution is alleged” (Rural Community Coalition, Inc. v Village of Bloomingburg, 118 AD3d 1092, 1096 [2014]).
The 2012 amendment is not unconstitutional. Petitioner contends that, to the extent that it extinguishes petitioner’s right to reimbursement that had already accrued, the amendment violates petitioner’s due process rights. However, we have herewith determined that the amendment did not extinguish petitioner’s substantive right to reimbursement; the amendment only prevents petitioner from obtaining any remedy in relation to that right after a certain date. The amendment did not, therefore, retroactively affect any substantive rights, but was only retroactive in that “it shorten [ed] a limitations period for claims that accrued prior to the statute’s effective date” *93 (Roman Catholic Diocese of Albany, N.Y. v New York State Workers’ Compensation Bd., 96 AD3d 1288, 1290 [2012]; see Brothers v Florence, 95 NY2d 290, 299-300 [2000]). Although potential litigants have no right or vested interest in any specific limitations period, when a “limitations period is statutorily shortened, or created where none existed before,” due process requires a reasonable grace period before the time bar takes effect (Brothers v Florence, 95 NY2d at 300; see Roman Catholic Diocese of Albany, N.Y. v New York State Workers’ Compensation Bd., 96 AD3d at 1290).
While the Legislature did not expressly set a grace period in the 2012 amendment, this Court “may uphold the constitutional validity of the retrospective application of the new statute by interpreting it” as permitting the filing, “within a reasonable time after the statute’s effective date,” of claims that would otherwise be time-barred (Brothers v Florence, 95 NY2d at 301). This Court can either make an individualized assessment on a case-by-case basis to determine whether the delay in interposing the claim was reasonable under the particular facts, or we can set a generally-applicable period that would afford a reasonable opportunity for anyone to file a claim (see id. at 301-302). Because the case-by-case approach results in uneven application and does not provide clear guidance to potential claimants, we deem a flat grace period to be preferable {see id. at 302-303). The grace period would normally run from the enactment of the statute but, due to possible reliance by potential claimants on Supreme Court’s declaration that the 2012 amendment was unconstitutional, we will begin the grace period from the date of this decision reversing that declaration. We deem six months to be a reasonable time for any social services district to file a claim for reimbursement of any pre-2006 overburden expenditures, with the 2012 amendment barring as untimely any claims submitted thereafter.*
We reject petitioner’s argument that the special facts exception applies here so as to require DOH to approve petitioner’s claims under the law as it existed prior to the 2012 amendment (compare Rocky Point Drive-In, L.P. v Town of Brookhaven, 21 *94 NY3d 729, 737 [2013], with Matter of Mamaroneck Beach & Yacht Club, Inc. v Zoning Bd. of Appeals of Vil. of Mamaroneck, 53 AD3d 494, 497 [2008], lv denied 11 NY3d 712 [2008]).
Finally, Supreme Court did not err in directing DOH to identify, verify and pay the total unpaid overburden expenditures that petitioner incurred prior to 2006. Mandamus is an extraordinary remedy that is available to compel a public officer to perform an act that is mandatory and ministerial, not discretionary, where the petitioner has a clear legal right to the relief sought (see New York Civ. Liberties Union v State of New York, 4 NY3d 175, 184 [2005]; Matter of Johnson v Fischer, 104 AD3d 1004, 1004-1005 [2013]). Petitioner asserts that it was entitled to a writ of mandamus to compel DOH to comply with the mandate of Social Services Law § 368-a (1), which states that DOH “shall” reimburse petitioner for, among other things, overburden expenditures; the statute does not include any requirement that petitioner make a claim for those payments. Thus, DOH was required to pay those reimbursements even without any claims being made, and should have done so by 2006. This Court has already determined that the state cannot be relieved of its obligation to refund the counties for overburden expenditures made prior to January 1, 2006 (see Matter of County of St. Lawrence v Shah, 95 AD3d at 1554). As DOH’s statutory obligation to make reimbursement for these expenditures is mandatory and ministerial and does not involve any discretion, petitioner was entitled to a writ of mandamus requiring DOH to review its records to identify any individuals who may not have been properly coded as overburden patients, and all medical services that were provided to individuals who were or were not properly coded as overburden patients, then process all pre-2006 overburden expenditure reimbursements to petitioner.
Lahtinen, J.P, Rose, Lynch and Clark, JJ., concur.
Ordered that the judgments are modified, on the law, without costs, by reversing so much thereof as declared L 2012, ch 56, § 1, part D, § 61 to be unconstitutional; it is declared that L 2012, ch 56, § 1, part D, § 61 is constitutional with a grace period of six months from the date of this Court’s decision for social services districts to submit claims to respondent Department of Health for reimbursement of overburden expenditures incurred prior to 2006; and, as so modified, affirmed.

 We are mindful of petitioner’s arguments that respondents have improperly withheld records that are necessary for reimbursement, or even to determine whether such a claim exists. Considering that petitioner and other similarly situated social services districts have had more than eight years to obtain such documentation and submit claims for pre-2006 reimbursement, including many years during that time when they were aware of respondents’ errors and failure to pay some reimbursements that were owing, we deem an additional six months a sufficient time for new claims.