*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 8, 2015                 518222
_____

In the Matter of COUNTY OF
    CHEMUNG,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

NIRAV R. SHAH, as Commissioner
    of Health, et al.,
                        Appellants.
_____


Calendar Date:   November 17, 2014

Before:   Peters, P.J., Rose, Egan Jr. and Lynch, JJ.

_____


        Eric T. Schneiderman, Attorney General, Albany (Victor
Paladino of counsel), for appellants.

        Whiteman Osterman & Hanna, LLP, Albany (Christopher E.
Buckey of counsel) and Nancy Rose Stormer, PC, Utica (Nancy Rose
Stormer of counsel), for respondent.

_____


Lynch, J.

        Appeal from a judgment of the Supreme Court (O'Shea, J.),
entered November 21, 2013 in Chemung County, which granted
petitioner's application, in a combined proceeding pursuant to
CPLR article 78 and action for declaratory judgment, to, among
other things, annul a determination of respondents' denying
petitioner's claims for certain Medicaid reimbursements.

        Petitioner commenced this combined CPLR article 78
proceeding and declaratory judgment action seeking, in part, to
annul a determination of respondent Department of Health
(hereinafter DOH) denying its May 2013 claim for reimbursement of

pre-2006 overburden expenditures pursuant to Social Services Law § 368-a.  Supreme Court, among other things, granted the petition to annul DOH's determination and compelled respondents to reimburse petitioner for the pending claims, as well as all remaining overburden reimbursements that may still be due pursuant to Social Services Law § 368-a (1).  Respondents appeal.

At issue is the constitutionality of the April 1, 2012 amendment to the so-called Medicaid Cap Statute (see L 2005, ch 58, § 1, part C, § 1), which purported to immediately bar any further claims of counties for reimbursement of overburden expenses (see L 2012, ch 56, § 1, part D, § 61) (hereinafter the 2012 amendment).  On November 26, 2014, this Court decided, in Matter of County of St. Lawrence v Shah (___ AD3d ___, 2014 NY Slip Op 08278 [2014]), that the 2012 amendment was not unconstitutional, and we established a six-month grace period from the date of the decision authorizing "any social services district to file a claim for reimbursement of any pre-2006 overburden expenditures, with the 2012 amendment barring as untimely any claims submitted thereafter" (id. at *3).  We also determined that "Supreme Court did not err in directing DOH to identify, verify and pay the total unpaid overburden expenditures that petitioner incurred prior to 2006" (id.).[1]

Applied here, these principles confirm that Supreme Court properly granted petitioner's application, except insofar as the court declared the 2012 amendment unconstitutional.  We also note that, as in Matter of the County of St. Lawrence v Shah (supra), respondents' challenge to petitioner's capacity to bring this claim was waived by respondents' failure to raise capacity as a defense in their answer or a pre-answer motion to dismiss (id. at *2).

Peters, P.J., Rose and Egan Jr., JJ., concur.

---

[1]  At oral argument counsel acknowledged that this matter involves the same issue presented in Matter of County of St. Lawrence v Shah (supra).

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as declared L 2012, ch 56, § 1, part D, § 61 to be unconstitutional; it is declared that L 2012, ch 56, § 1, part D, § 61 is constitutional with a grace period of six months commencing November 26, 2014; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court