*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 23, 2015                    519909
_____

In the Matter of COUNTY OF
    BROOME,
                        Respondent,

        v                                    MEMORANDUM AND ORDER

NIRAV R. SHAH, as Commissioner
    of Health, et al.,
                        Appellants.
_____


Calendar Date:   June 2, 2015

Before:   Peters, P.J., Lahtinen, Garry and Lynch, JJ.

                        _____


        Eric T. Schneiderman, Attorney General, Albany (Victor
Paladino of counsel), for appellants.

        Whiteman Osterman & Hanna, LLP, Albany (Christopher E.
Buckey of counsel), for respondent.

                        _____


Peters, P.J.

        Appeal from a judgment of the Supreme Court (Tait, J.),
entered June 16, 2014 in Broome County, which partially granted
petitioner's application, in a combined proceeding pursuant to
CPLR article 78 and action for declaratory judgment, to, among
things, annul a determination of respondent Commissioner of
Health disallowing petitioner's claims for certain Medicaid
reimbursements.

        This Court recently held that a 2012 amendment to the
Medicaid Cap Statute (see L 2012, ch 56, § 1, part D, § 61) was
not unconstitutional and interpreted the amendment as having
imposed a statute of limitations which, upon the expiration of a

six-month grace period beginning on November 26, 2014, barred the submission of claims for reimbursement of overburden expenses incurred by counties before 2006 (see Matter of County of Chemung v Shah, 124 AD3d 963, 963 [2015], lv granted 25 NY3d 903 [2015]; Matter of County of St. Lawrence v Shah, 124 AD3d 88, 92-93 [2014], lv granted 25 NY3d 903 [2015]).  During such grace period, petitioner submitted claims to respondent Department of Health (hereinafter DOH) for reimbursement of pre-2006 overburden expenses, which DOH denied.

Petitioner commenced this combined CPLR article 78 proceeding and declaratory judgment action seeking, among other things, an order annulling DOH's determination, compelling respondents to pay the claims and finding the 2012 amendment unconstitutional on due process grounds.  As is relevant here, Supreme Court granted petitioner's application to annul DOH's determination and directed DOH to pay the disputed claims, unless it could prove that any or all of such claims were inaccurate or illegitimate, as well as any remaining overburden expense reimbursements due to petitioner under Social Services Law § 368-a (1).  Respondents appeal.

For the reasons set forth in Matter of County of St. Lawrence v Shah (supra), we reject respondents' contention that Supreme Court erroneously awarded petitioner mandamus relief.  We also conclude that, by failing to raise it as an affirmative defense in their answer, respondents waived their claim that petitioner lacked the capacity to assert a due process violation (see Matter of County of Chemung v Shah, 124 AD3d at 964; Matter of County of St. Lawrence v Shah, 124 AD3d at 91).

Lahtinen, Garry and Lynch, JJ., concur.

ORDERED that the judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court