*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 28, 2016                    519940
_____

In the Matter of COUNTY OF
    DELAWARE,
                    Respondent,

        v                                    MEMORANDUM AND ORDER

HOWARD A. ZUCKER, as
    Commissioner of Health,
    et al.,
                    Appellants.
_____

Calendar Date:  November 19, 2015

Before:  Peters, P.J., Lahtinen, Garry, Rose and Clark, JJ.

_____


        Eric T. Schneiderman, Attorney General, Albany (Victor
Paladino of counsel), for appellants.

        Whiteman Osterman & Hanna, LLP, Albany (Robert S.
Rosborough IV of counsel) and Nancy R. Stormer, Utica, for
respondent.

_____


Lahtinen, J.

        Appeal from a judgment of the Supreme Court (Lambert, J.),
entered October 3, 2014 in Delaware County, which, among other
things, partially granted petitioner's application, in a combined
proceeding pursuant to CPLR article 78 and action for declaratory
judgment, to, among other things, annul a determination of
respondent Department of Health denying petitioner's claims for
certain Medicaid reimbursements.

        The issues in this Medicaid reimbursement case are largely
controlled by a series of recent decisions of this Court, which

were decided after Supreme Court's decision.  Although Supreme Court incorrectly declared that the 2012 amendment to the Medicaid Cap Statute (see L 2012, ch 56, § 1, part D, § 61) was unconstitutional (see Matter of County of St. Lawrence v Shah, 124 AD3d 88, 92 [2014], lv granted 25 NY3d 903 [2015]; see also Matter of County of Chemung v Shah, 124 AD3d 963, 964 [2015], lv granted 25 NY3d 903 [2015]), it properly concluded that petitioner was entitled to reimbursement for pre-2006 overburden expenses since such claims were submitted within the six-month grace period (see Matter of County of Broome v Shah, 130 AD3d 1347, 1347 [2015]; Matter of County of Chemung v Shah, 124 AD3d at 964).  "[R]espondents' challenge to petitioner's capacity to bring this claim was waived by respondents' failure to raise capacity as a defense in their answer or a pre-answer motion to dismiss" (Matter of County of Chemung v Shah, 124 AD3d at 964; see Matter of County of Broome v Shah, 130 AD3d at 1347-1348). Finally, we agree with respondents that Supreme Court erred in directing them to pay interest on the reimbursement payments (see Signature Health Ctr., LLC v State of New York, 92 AD3d 11, 17 [2011], lv denied 19 NY3d 811 [2012]; Concourse Nursing Home v State of New York, 1 AD3d 675, 677 [2003], lv denied 2 NY3d 704 [2004]).

Peters, P.J., Garry, Rose and Clark, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as (1) declared L 2012, ch 56, § 1, part D, § 61 to be unconstitutional, and (2) awarded interest, and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court