*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                520712
_____

In the Matter of COUNTY OF
    SCHUYLER,
                        Respondent,

        v                                    DECISION AND ORDER
                                                  ON MOTION
HOWARD A. ZUCKER, as
    Commissioner of Health,
    et al.,
                        Appellants.
_____


        Motion for reargument, renewal or permission to appeal to the Court of Appeals.

        In the decision on the appeal in this matter, this Court affirmed Supreme Court's judgment, which, among other things, allowed petitioner to claim reimbursement for pre-2006 Medicaid overburden expenditures pursuant to Social Services Law § 368-a and granted mandamus relief to petitioner, requiring respondents to calculate and pay all outstanding pre-2006 overburden expenses (135 AD3d 1273, 1274 [2016]).  In so affirming, we found that petitioner's claim was not extinguished by the 2012 amendment to the Medicaid Cap Statute barring counties from claiming reimbursement for pre-2006 overburden expenses (see L 2012, ch 56, § 1, part D, § 61) because it was properly filed in February 2014, within the six-month grace period established by this Court in Matter of County of St. Lawrence v Shah (124 AD3d 88, 93 [2014], revd ___ NY3d ___, 2016 NY Slip Op 07043 [2016]; see Matter of County of Chemung v Shah, 124 AD3d 963, 964 [2015], revd ___ NY3d ___, 2016 NY Slip Op 07043 [2016]).  However, before service of this Court's order with notice of entry, the Court of Appeals determined that, pursuant to section 61 of the 2012 amendment to the Medicaid Cap Statute, "the State is under no further obligation to address outstanding county reimbursement claims filed after April 1, 2012, nor must the State initiate an administrative review of its records to identify and pay for any pre-2006 claims" (Matter of County of Chemung v Shah, ___ NY3d ___, ___, 2016 NY Slip Op 07043, *1 [2016]).  Respondents now move in this Court for reargument, renewal or permission to appeal to the Court of Appeals.  In light of the guidance provided by the Court of Appeals (id.), it is evident that

section 61 of the 2012 amendment barred petitioner's claim made in February 2014 and that mandamus relief was improper in this instance.  Accordingly, the petition should be dismissed and a declaration should be made in favor of respondents that section 61 of the 2012 amendment to the Medicaid Cap Statute has not been shown to be unconstitutional (see id. at *10).

ORDERED that the motion is granted, without costs, to the extent that reargument is granted, the memorandum and order decided and entered January 28, 2016 is vacated, the judgment of Supreme Court entered October 3, 2014 in Schuyler County is reversed, on the law, without costs, the petition is dismissed and it is declared that the Laws of 2012, ch 56, § 1, part D, § 61 has not been shown to be unconstitutional.

Peters, P.J., Garry, Rose and Clark, JJ., concur.

ENTER:

Robert D. Mayberger
Clerk of the Court