*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 19, 2017                519940
_____

In the Matter of COUNTY OF
    DELAWARE,
                    Respondent,

        v                                    DECISION AND ORDER
                                                ON MOTION

HOWARD A. ZUCKER, as
    Commissioner of Health,
    et al.,
                    Appellants.
_____

        Motion for reargument, renewal or permission to appeal to
the Court of Appeals.

        In the decision on the appeal in this matter, this Court
modified Supreme Court's judgment, which, among other things,
allowed petitioner to claim reimbursement for pre-2006 Medicaid
overburden expenditures pursuant to Social Services Law § 368-a
(135 AD3d 1260, 1260-1261 [2016]).  While we found that Supreme
Court erred in holding that the 2012 amendment to the Medicaid
Cap Statute, which barred counties from claiming reimbursement
for pre-2006 overburden expenses (see L 2012, ch 56, § 1, part D,
§ 61), was unconstitutional, we determined that petitioner's
reimbursement claim for pre-2006 overburden expenditures was
properly filed in February 2014, within the six-month grace
period established by this Court in Matter of County of St.
Lawrence v Shah (124 AD3d 88, 93 [2014], revd ___ NY3d ___, 2016
NY Slip Op 07043 [2016]; see Matter of County of Chemung v Shah,
124 AD3d 963, 964 [2015], revd ___ NY3d ___, 2016 NY Slip Op
07043 [2016]).  However, before service of this Court's order
with notice of entry, the Court of Appeals determined that
section 61 of the 2012 amendment to the Medicaid Cap Statute "is
constitutional, and that the State is under no further obligation
to address outstanding county reimbursement claims filed after
April 1, 2012" (Matter of County of Chemung v Shah, ___ NY3d ___,
___, 2016 NY Slip Op 07043, *1 [2016]).  Respondents now move in
this Court for reargument, renewal or permission to appeal to the
Court of Appeals.  In light of the guidance provided by the Court
of Appeals (id.), it is evident that section 61 of the 2012
amendment barred petitioner's claim made in February 2014.
Accordingly, the petition should be dismissed and a declaration

should be made in favor of respondents that section 61 of the 2012 amendment to the Medicaid Cap Statute has not been shown to be unconstitutional (see id. at *10).

ORDERED that the motion is granted, without costs, to the extent that reargument is granted, the memorandum and order decided and entered January 28, 2016 is vacated, the judgment of Supreme Court entered October 3, 2014 in Delaware County is reversed, on the law, without costs, the petition is dismissed and it is declared that the Laws of 2012, ch 56, § 1, part D, § 61 has not been shown to be unconstitutional.

Peters, P.J., Garry, Rose and Clark, JJ., concur.

ENTER:

Robert D. Mayberger
Clerk of the Court