People ex rel. Negron v Superintendent, Woodbourne Corr. Facility (2019 NY Slip Op 01267)





People v Superintendent, Woodbourne Corr. Facility


2019 NY Slip Op 01267


Decided on February 21, 2019


Appellate Division, Third Department


Aarons, J., J.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

524890

[*1]THE PEOPLE OF THE STATE OF NEW YORK ex rel. RAYMOND NEGRON, Appellant,
v
SUPERINTENDENT, WOODBOURNE CORRECTIONAL FACILITY, Respondent.

Calendar Date: January 16, 2019

Before: Garry, P.J., Clark, Mulvey, Aarons and Rumsey, JJ.


Elon Harpaz, The Legal Aid Society, New York City, for appellant.
Letitia James, Attorney General, Albany (Brian D. Ginsberg of counsel), for respondent.



OPINION AND ORDER
Aarons, J.
Appeal from a judgment of the Supreme Court (Schick, J.), entered March 16, 2017 in Sullivan County, which denied petitioner's application for a writ of habeas corpus, in a proceeding pursuant to CPLR article 70, without a hearing.
In 1994, petitioner was convicted of sexual abuse in the first degree and was sentenced to a prison term of 1 to 3 years. Petitioner completed serving his sentence in 1997 and, in conjunction therewith, was adjudicated a risk level three sex offender under the Sex Offender Registration Act (see Correction Law art 6-C). Thereafter, petitioner twice was convicted of attempted burglary in the second degree — once in 1998 and again in 2005 — with the latter conviction resulting in petitioner being sentenced, as a persistent violent felony offender, to a prison term of 12 years to life. In 2016, petitioner was granted parole subject to various terms and conditions, including that he comply with the provisions of the Sexual Assault Reform Act (L 2000, ch 1, as amended by L 2005, ch 544 [hereinafter SARA]). As relevant here, SARA prohibits certain offenders who are released on parole, conditionally released or subject to a period of postrelease supervision from "knowingly entering into or upon any school grounds" (Executive Law § 259-c [14]).[FN1]
Because where petitioner intended to reside upon his release was within 1,000 feet of a school, petitioner was not released from custody but, rather, remained at Woodbourne Correctional Facility where he had been incarcerated. Petitioner commenced this habeas corpus proceeding pursuant to CPLR article 70 contending that Executive Law § 259-c (14) did not apply to him and that he was entitled to immediate release from custody. Following joinder of issue, Supreme Court, in a March 2017 judgment, denied petitioner's application for habeas corpus. Petitioner appeals.
As an initial matter, this Court has been advised that petitioner has been released from Woodbourne Correctional Facility and is residing in a SARA-compliant residence. As such, habeas corpus relief is not available (see People ex rel. Allen v Yelich, 159 AD3d 1202, 1203 [2018], affd 32 NY3d 1144 [2018]). Notwithstanding the foregoing, because this matter concerns a condition of petitioner's release to parole, we find it appropriate to convert the CPLR article 70 proceeding to a CPLR article 78 proceeding (see CPLR 103 [c]; People ex rel. Allen v Yelich, 159 AD3d at 1203).
Turning to the merits, "[t]he main goal in statutory construction is to discern the will of the Legislature and, as the clearest indicator of legislative intent is the statutory text, the starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof" (Matter of Soriano v Elia, 155 AD3d 1496, 1498 [2017] [internal quotation marks and citations omitted], lv denied 31 NY3d 913 [2018]; see Matter of Anonymous v Molik, 32 NY3d 30, 37 [2018]; People v Roberts, 31 NY3d 406, 418 [2018]; Matter of American Tax Funding, LLC v Saita, 107 AD3d 1134, 1135 [2013]). "Resort to extrinsic matter such as legislative history to construe the meaning of a statute is inappropriate when the statutory language is unambiguous and the meaning unequivocal" (Clemens v Nealon, 202 AD2d 747, 749 [1994] [internal quotation marks and citations omitted]; see Makinen v City of New York, 30 NY3d 81, 85 [2017]; Matter of Independence Party State Comm. v New York State Bd. of Elections, 297 AD2d 459, 461 [2002]). Indeed, "[w]hen the plain language of the statute is precise and unambiguous, it is determinative" (Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 565 [1984]).
Executive Law § 259-c (14) provides, in relevant part, that "where a person serving a sentence for an offense defined in [Penal Law articles 130, 135 or 263 or Penal Law § 255.25, § 255.26 or § 255.27] and the victim of such offense was under the age of [18] at the time of such offense or such person has been designated a level three sex offender pursuant to [Correction Law § 168-l (6)], is released on parole or conditionally released pursuant to [Executive Law § 259-c (1) or (2)], the [Board of Parole] shall require, as a mandatory condition of such release, that such sentenced offender shall refrain from knowingly entering into or upon any school grounds, as that term is defined in [Penal Law § 220.00 (14)], . . . while one or more of such persons under the age of [18] are present" (emphasis added)[FN2]. According to petitioner, in order to fall within the ambit of Executive Law § 259-c (14), the offender first must be serving a sentence for one of the enumerated Penal Law offenses; in addition, one of two remaining predicates must be met: either the offender's victim must have been under the age of 18 at the time of the offense or the offender must have otherwise been adjudicated a risk level three sex offender. As such, petitioner maintains that Executive Law § 259-c (14) is inapplicable to him [*2]because, at the time of his release on parole, he was serving a sentence for attempted burglary in the second degree — an offense not enumerated in the statute. Meanwhile, respondent reads the statute as applying in two separate and distinct circumstances: (1) where the offender has committed an enumerated sex offense and his or her victim was under the age of 18 at the time of the offense; or (2) where the offender has been adjudicated a risk level three sex offender regardless of the conviction underlying the sentence that he or she was serving at the time that he or she was paroled, conditionally released or subject to a period of postrelease supervision.
We agree with petitioner that the statute is unambiguous and interpret it in the manner advanced by him. In this regard, we read "such person" as plainly and unequivocally referring to "a person serving a sentence for an offense defined in [Penal Law articles 130, 135 or 263 or Penal Law § 255.25, § 255.26 or 255.27]" (Executive Law § 259-c [14]). We are unpersuaded by respondent's contention that "such person" in Executive Law § 259-c (14) can be rationally read to refer only to "a person" or "a person serving a sentence" as stated in the beginning of the statute and without regard to that part of the statute specifying various offenses. Based on the foregoing, we find that the school-grounds restriction provided in Executive Law § 259-c (14) applies either to (1) an offender serving one of the enumerated offenses whose victim was under 18 years old, or (2) an offender serving one of the enumerated offenses who was designated a risk level three sex offender. Because petitioner was not serving a sentence for an offense delineated in Executive Law § 259-c (14), the statute does not apply to him.
Finally, although the Board of Parole's interpretation of Executive Law § 259-c (14) is in accord with respondent's reading of the statute, given that the issue presented herein is one of statutory interpretation, we give little deference to the Board's interpretation (see Matter of Sweeney v Dennison, 52 AD3d 882, 883 [2008]). We are also mindful that the Fourth Department recently interpreted Executive Law § 259-c (14) as being ambiguous and concluded that the legislative history supported respondent's interpretation (see People ex rel. Garcia v Annucci, 167 AD3d 199, 203 [2018], lv dismissed ___ NY3d ___ [Feb. 19, 2019]). However, we respectfully disagree with the Fourth Department's reading of the statute and note that its decision is not binding on this Court (see Matter of County of St. Lawrence v Daines, 81 AD3d 212, 219 [2011], lv denied 17 NY3d 703 [2011]).
Garry, P.J., Clark, Mulvey and Rumsey, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, petition converted to a CPLR article 78 proceeding and petition granted to the extent of annulling that part of the determination of the Board of Parole as found that petitioner is subject to the school-grounds restriction set forth in Executive Law § 259-c (14).



Footnotes

Footnote 1: One definition of "[s]chool grounds" is "any area accessible to the public located within [1,000] feet of the real property boundary line comprising any such school" (Penal Law § 220.00 [14] [b]).

Footnote 2: The underlined language was added as part of the statute's amendment in 2005 (see L 2005, ch 544).